**In re Harold W. BAILEY, II, Debtor.**

**Harold W. BAILEY, II, Plaintiff,**

v.

**SORENSON LABORATORIES, INC., Defendant.**

**Bankruptcy No. 96–42258.**
**Adversary No. A97–4001S.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 18, 1997.

Mark J. Chevallier, Hale, Aston, Seckel & Taubenfeld, Dallas, TX, for Plaintiff.

Kenneth Hill, Quilling, Selander, Cummiskey, Clutts & Lownds, P.C., Dallas, TX, for Defendant.

### *OPINION*

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is a Motion to Dismiss, Motion to Abstain and Motion to Compel Arbitration filed by Defendant, Sorenson Laboratories, Inc. At the conclusion of the hearing, all matters were taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rules of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### *FACTUAL AND PROCEDURAL BACKGROUND*

1. In early 1995, Debtor entered into a written Employment Agreement ("Agreement") with Sorenson Laboratories, Inc. ("Sorenson"), a Utah Corporation. Under the terms of the agreement, Sorenson agreed to employ Debtor as an Area Manager of Marketing and Sales for a period of two (2) years.

2. The Agreement between Debtor and Sorenson arose after Sorenson's purchase of the assets of a corporation known as Custom Laser Accessories & Suction Systems, Inc. ("CLASS"). CLASS was a Texas corporation with its principal place of business in Dallas, Texas.

3. Pursuant to the Agreement and until its termination, Debtor worked out of his residence in Plano.

4. Section 9.3.1 of the Agreement provides that disputes arising under the Agreement would be subject to arbitration in the State of Utah as follows:

Any controversy between the Company and the Employee involving the construction or application of any terms, provisions, or conditions of their Agreement shall be settled by compulsory, binding arbitration conducted in Salt Lake City, Utah and in accordance with the Arbitration Rules of the American Arbitration Association then in effect, and in accordance with the Utah Arbitration Act.

5. Section 9.3.4 of the Agreement also provides that arbitration is an exclusive remedy:

Except as provided by Section 2.7, above, arbitration under this Section shall be the exclusive remedy of the parties and the arbitrator's decision will be final and binding on the parties. The parties agree to and do hereby waive any and all judicial remedies on any matter subject to this part, excepting only that judgment on the award of arbitration may be entered in and enforced by any court having jurisdiction....

6. After the Agreement was made, Debtor alleges that Sorenson breached terms of the Agreement by discharging him without cause.

7. The Debtor then filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Texas, Sherman Division.

8. After the Debtor filed his petition for relief, he commenced an adversary proceeding against Sorenson. In the adversary proceeding, Debtor alleges that Sorenson owed him the sum of $40,000, representing base salary payments owed under the terms of the Agreement, plus interest at the legal rate. Furthermore, Debtor alleges he has lost commissions and other payments in an undetermined amount due to his discharge.

9. The Debtor has relocated to Austin, Texas, where he currently resides.

10. Defendant Sorenson has filed a Motion to Dismiss, Motion to Abstain and/or Motion to Compel Arbitration.

## DISCUSSION

■ The issue before the Court is whether the commencement of a bankruptcy case or proceeding interferes with the enforcement of an arbitration clause that is part of an employment agreement.

Debtor contends that Defendant's Motion to Dismiss and Motion to Compel Arbitration should be denied. In addition, Debtor contends that Abstention in this matter is not proper under 28 U.S.C. § 1334(c)(1) and therefore this Court should retain jurisdiction over this adversary proceeding.

"The party opposing arbitration carries the burden of showing that Congress intended in a separate statute to preclude a waiver of judicial remedies, or that such a waiver of judicial remedies inherently conflicts with the underlying purpose of that other statute." *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

The Fifth Circuit recently addressed whether the Bankruptcy Code is the type of statute that inherently conflicts with the Federal Arbitration Act and its mandate of enforcing contractual arbitration provisions. *Matter of National Gypsum*, 118 F.3d 1056 (5th Cir.1997). The Fifth Circuit held that arbitration of a core bankruptcy adversary proceeding, pertaining to section 524 or to the confirmation of a reorganization plan, that is completely divorced from Debtor's pre-petition rights, would be inconsistent with the Bankruptcy Code. *Id.* In so holding, the Court stated "[w]e think that, at least where the cause of action at issue is not

derivative of the pre-petition legal or equitable rights possessed by a debtor but rather from the federal rights conferred by the Bankruptcy Code, a bankruptcy court retains significant discretion to assess whether arbitration would be consistent with the purpose of the Code, including the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders." *Id.*

However, the Fifth Circuit refused to find such an inherent conflict based solely on the jurisdictional nature of a bankruptcy proceeding. The Court stated that ... we believe that nonenforcement of an otherwise applicable arbitration provision turns on the underlying nature of the proceeding, i.e., whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purpose of the Code. The court further held that although "the core/non-core distinction is a practical and workable one, it is nonetheless too broad."

In the present case, the breach of contract claim alleged against Sorenson is a claim arising under the Agreement which arose before the Debtor filed his petition for relief. More importantly, the Debtor's breach of contract claim is one that clearly could have existed outside of bankruptcy. The claim is not based on any right created by the federal bankruptcy law. The fact that Plaintiff filed for bankruptcy does not change the actuality of how the claim arose. Furthermore, compelling arbitration would not conflict with the purpose of the Code.

■ Thus, the Court finds that pursuant to *National Gypsum*, a bankruptcy court possesses discretion to refuse to enforce an otherwise applicable arbitration provision only insofar as enforcement would conflict with the purpose or provision of the Bankruptcy Code. In this case, the cause of action filed by the Debtor is based on a pre-petition

legal right that is not derived from any federal right conferred by the Bankruptcy Code and thus does not conflict with the purpose or provision of the Bankruptcy Code. Therefore, the Court holds that this pre-petition contract claim is simply a state law contract claim that is subject to the arbitration provision in the Agreement.

### Forum Selection Clause

■ Debtor contends that if Arbitration is ordered, it would be unreasonable to enforce the choice of forum provision in the employment agreement and therefore this Court should refer the matter to arbitration in Texas. In his affidavit, Debtor claims that given his financial situation which lead to the filing of his Chapter 13 bankruptcy petition, and the personal responsibilities he holds in the day-to-day care of his 83 year old mother, it would be extremely burdensome to pursue arbitration in the State of Utah. Finally, Debtor cites several cases for the proposition that an arbitration clause with an unconscionable provision, such as requiring an individual to arbitrate a matter in a distant and inconvenient forum, should not be liberally enforced if the effect of the clause would be to deprive an individual of his day in court.[1]

In response, Sorenson argues that Debtor did not allege misrepresentation, fraud, overreaching or any other facts in the Complaint which, if proved at trial, would rebut the validity of the choice of forum clause agreed to between the parties in the written contract. Sorenson also contends that Debtor is a sophisticated business man and that there was no mistake or undue influence. Therefore, Sorenson claims that the Debtor must pursue its alleged claims against them through arbitration in Utah.

■ The Supreme Court has stated that "[a]n agreement to arbitrate before a specific tribunal is, in effect, a specialized kind of forum selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519, 94

---

**1.** See *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.,* 849 S.W.2d 380 (Tex.App.—Houston 14th Dist.1993, writ denied); *Gulf Interstate Eng'g v. Pecos Pipeline,* 680 S.W.2d 879, 881 (Tex.App.—Houston 1st Dist. 1984, writ dism'd).

S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). The enforceability of a forum selection clause is governed by the standard enunciated by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In this case, the Court held that a forum selection clause is unenforceable, "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.*

■ The Fifth Circuit has also addressed the issue and held that a choice of forum clause in a written contract is presumed valid and enforceable. *Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13 (5th Cir.1995). In this case, the court explained:

A forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable. This rule applies to form contracts containing a choice of forum provisions ... Because Lexington has failed to sufficiently prove that the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching, we find that the choice of forum provision validly contracts for venue in Dallas County, Texas ... Accordingly, we find that the district court erred in refusing to enforce the choice of forum provision of the contract executed between Kevlin and Lexington ...

■ Plaintiff faces a heavy burden in showing that trial in the selected forum is seriously inconvenient. Plaintiff must demonstrate that "trial in the contractual forum will be so gravely difficult and inconvenient that [it] ... will for all practical purposes be deprived of [its] day in court." *Arrow Plumbing and Heating, Inc. v. North American Mechanical Services,* 810 F.Supp. 369 (D.R.I.1993); citing *The Bremen,* 407 U.S. at 18, 92 S.Ct. at 1917.

The Court finds Debtor has failed to carry its burden and provide factual support for its assertion that he will be unable to pursue this action in any other tribunal other than this Court. The mere fact that Debtor/Plaintiff is in bankruptcy is not sufficient to prevent enforcement of a contractual forum selection clause. *Arrow Plumbing and Heating, Inc. v. North American Mechani-*

*cal Services,* 810 F.Supp. 369 (D.R.I.1993). Debtor failed to present any additional evidence of his financial capacity to pursue this action through arbitration in Utah. Furthermore, no evidence was presented to show that allowing the matter to be arbitrated pursuant to the forum selection clause would prohibit Debtor from fulfilling any family obligations. Without such evidence, the Court must enforce the forum selection clause.

### CONCLUSION

The law is settled that in order for a bankruptcy court to have discretion in refusing to enforce an arbitration provision there must be a demonstrated specific conflict between enforcing an arbitration clause and the textual provisions and/or purpose of the Code. In this case, there was no showing of any conflict and the Court believes that the claim is based on a pre-petition legal right that is not derived from any federal right conferred by the Bankruptcy Code. As to the issue of where arbitration is to occur, Debtor was unable to present evidence to convince this Court that arbitration in Utah would deny his day in court. Therefore, arbitration is proper as per the Agreement entered into between the parties and this proceeding must be dismissed.