**In re ADM INVESTOR SERVICES,
INC., Relator.**

No. 08–0570.

Supreme Court of Texas.

Feb. 19, 2010.

J. Brad McCampbell, Curtis Alexander McCampbell & Morris PC, Emory, TX, for relator.

Michael Jason Forni, Law Office of Mike Forni, Thomas L. Kapioltas, Kapioltas & Forni, PLLC, Dallas, TX, for real party in interest.

John W. Alexander, Alexander & Boswell, Winnsboro, TX, for Texas Trading Company Incorporated.

Justice GREEN delivered the opinion of the Court.

In this case, we consider whether the trial court abused its discretion by denying a motion to dismiss premised on a forum-selection clause. We conclude that it did. The real party in interest did not overcome the presumption against the relator's waiving its right to enforce the forum-selection clause, or satisfy her burden to demonstrate that enforcing the clause would be unreasonable and unjust. Accordingly, we conditionally grant the relator's petition

for writ of mandamus and order the trial court to dismiss the case as to the relator.

## I

Jetta Prescott executed an agreement in 2001 with ADM Investor Services, Inc., allowing ADM to trade commodities on Prescott's behalf. Texas Trading Company Incorporated acted as a broker and guarantor in the transaction. When Prescott's account balance reached a deficit greater than $50,000.00, ADM was authorized to close her account and collect the deficit from Texas Trading. In early 2004, Prescott's balance reached a deficit of $57,844.29. ADM closed her account and collected the deficit from Texas Trading's CEO, Charles Dawson. Dawson filed suit in his individual capacity in Hopkins County against Prescott and obtained a judgment against her.

Prescott then sued both Texas Trading and ADM in Rains County, alleging several legal theories including fraud, breach of fiduciary duty, and negligence. Texas Trading simultaneously filed an answer and a motion to transfer venue to Hopkins County. ADM responded to the suit by filing an answer, a motion to dismiss, and, alternatively, a motion to transfer venue to Hopkins County. ADM's motion to dismiss relied on the choice-of-law and forum-selection clause in its agreement with Prescott, which reads:

> All actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to, or from this Agreement or any transaction covered hereby shall be governed by the law of Illinois and may, at the discretion and election of [ADM], be litigated in courts whose situs in [sic] within Illinois.

A hearing was set for Texas Trading's motion to transfer venue. ADM acknowledged the setting for this hearing in a letter to Prescott's counsel, but then elected not to appear so as to avoid potentially waiving its motion to dismiss. Instead, approximately three months after filing its answer and motion to dismiss, ADM requested a separate hearing on its motion to dismiss. After the hearing on Texas Trading's motion to transfer venue, the trial court granted that motion. The trial court later conducted a hearing on ADM's motion to dismiss, which it denied. The trial court explained its reasoning in a letter, stating that although the forum-selection clause would be enforceable if ADM were the lone defendant, "[i]t seems unreasonable to the Court for Plaintiff to have to pursue the same cause of action against two defendants in two different states." Nothing in the record before us indicates whether the trial court ruled on ADM's motion to transfer venue to Hopkins County, where Prescott's claims remain pending against Texas Trading. The court of appeals denied ADM's petition for writ of mandamus on the alternative ground that ADM waived enforcement. 257 S.W.3d 817, 822 (Tex.App.-Tyler 2008).

## II

██ Prescott primarily argues to us that ADM waived enforcement by failing to request a hearing sooner or appear at the hearing on Texas Trading's motion to transfer venue, which prevented the trial court from being able to determine the proper forum for the entire case to be heard. Prescott also argues that Dawson, as ADM's agent, waived the forum-selection clause by his earlier lawsuit against Prescott, and that Texas Trading, as ADM's agent, waived the clause by moving to transfer venue. In the alternative, Prescott argues that it would be unreasonable or unjust to enforce the forum-selection clause.

██ Mandamus will issue if the relator establishes a clear abuse of discretion for

which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). We have consistently granted petitions for writ of mandamus to enforce forum-selection clauses because a trial court that improperly refuses to enforce such a clause has clearly abused its discretion. *See In re AIU Ins. Co.,* 148 S.W.3d 109, 114–15 (Tex. 2004).

A party waives a forum-selection clause by substantially invoking the judicial process to the other party's detriment or prejudice. *In re Automated Collection Techs., Inc.,* 156 S.W.3d 557, 559 (Tex. 2004) (per curiam); *see also AIU,* 148 S.W.3d at 121. There is a strong presumption against such waiver. *See Perry Homes v. Cull,* 258 S.W.3d 580, 590 (Tex. 2008) (observing strong presumption against waiver of arbitration clause); *Automated,* 156 S.W.3d at 559 (stating that waiver in arbitration clause context is analogous to forum-selection clauses). In *Perry Homes,* we adopted a test considering the totality of the circumstances. 258 S.W.3d at 596. But merely participating in litigation does not categorically mean the party has invoked the judicial process so as to waive enforcement. *Automated,* 156 S.W.3d at 559–60. Waiver can be implied from a party's unequivocal conduct, but not by inaction. *See Perry Homes,* 258 S.W.3d at 593.

We disagree with the court of appeals that ADM waived enforcement. Simultaneously filing an answer and motion to transfer venue with a motion to dismiss falls short of substantially invoking the judicial process to Prescott's detriment or prejudice. Indeed, in both *AIU* and *Automated,* the defendants participated in the litigation process much more substantially. *See AIU,* 148 S.W.3d at 121 (defendant filed answer and request for jury before filing its motion to dismiss); *Automated,*

156 S.W.3d at 558–60 (defendant filed answer with counterclaims and served substantial discovery requests before filing its motion to dismiss). ADM's approximately three-month delay in requesting a hearing also does not compel us to find waiver. We do not consider the length of any delay separate from the totality of the circumstances. *See Perry Homes,* 258 S.W.3d at 595–97. Here, despite the gap between filing and requesting a hearing, ADM did nothing "unequivocal" to waive enforcement. *See id.* at 593. Moreover, we have considered comparable delays before without finding waiver. *See AIU,* 148 S.W.3d at 121 (five-month delay); *Automated,* 156 S.W.3d at 558 (four-month delay).

We also reject any agency theory that holds ADM as waiving enforcement because of the actions taken by Texas Trading, an initial co-defendant, or its CEO, Dawson. "An agent's authority to act on behalf of a principal depends on some communication by the principal either to the agent (actual or express authority) or to the third party (apparent or implied authority)." *Gaines v. Kelly,* 235 S.W.3d 179, 182 (Tex.2007). "Because an agent's authority is presumed to be co-extensive with the business entrusted to his care, it includes only those contracts and acts incidental to the management of the particular business with which he is entrusted." *Id.* at 185. Nothing in the record suggests that the scope of any agency relationship between ADM and Texas Trading, its broker, encompasses the actual authority to waive the forum-selection clause during litigation. Likewise, nothing suggests that ADM communicated to Prescott that Texas Trading would have such authority.

Prescott has also failed to establish an exception under which the trial court's refusal to enforce the forum-selec-

tion clause would be permissible. A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231–32 (Tex.2008) (per curiam). The burden of proof is heavy for the party challenging enforcement. *AIU*, 148 S.W.3d at 113. When inconvenience in litigating in the chosen forum is foreseeable at the time of contracting, the challenger must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *see also Lyon*, 257 S.W.3d at 234 ("By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons.").

■ Prescott failed to meet her heavy burden to establish that enforcing the forum-selection clause will be unreasonable or unjust, or seriously inconvenient. The mere existence of another defendant does not compel joint litigation, even if the claims arise out of the same nucleus of facts. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 680 (Tex.2009) (per curiam) ("If all it takes to avoid a forum-selection clause is to join as defendants local residents who are not parties to the agreement, then forum-selection clauses will be of little value."). Indeed, as the case reaches us, the trial court already separated the case, isolating ADM as a defendant in Prescott's suit in Rains County. Still, our conclusion would not differ even if ADM and Texas Trading were co-defendants in a single forum. Nothing in the record establishes that Prescott could not proceed in Illinois. Moreover, while a trial in Texas is undoubtedly more convenient for a Texas resident, Prescott failed to prove that a trial in Illinois would deprive her of her day in court. *See Lyon*, 257 S.W.3d at 234. Prescott's circumstances here are thus not sufficient to meet the heavy burden she has to avoid a forum-selection clause. *See AIU*, 148 S.W.3d at 113.

■ We observe that Prescott asserted in her brief to this Court that her "health will prevent her from prosecuting her claims in two different states." The record shows that Prescott presented an affidavit to the trial court, opposing Texas Trading's motion to transfer venue to Hopkins County. Prescott swore that she was nearing the age of 80, suffered chronic health problems including fibromyalgia and heart problems, often had difficulty walking, and had been hospitalized several times in recent months. Prescott believed that her "case will be severely prejudiced if transferred to Hopkins County." Although we are sympathetic to Prescott's health concerns, the record does not establish that requiring her to pursue her claims against ADM in Illinois, the forum to which she agreed in 2001, would be unreasonable or unjust. Further, even assuming that health concerns could render a selected forum sufficiently inconvenient to preclude enforcement of a forum-selection clause, we believe that Prescott's conclusory statements are insufficient to establish such inconvenience. *Cf. Lyon*, 257 S.W.3d at 234 ("If merely stating that

financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless.").[1]

■ By allowing for exceptions when enforcement of forum-selection clauses would be unreasonable or unjust, or seriously inconvenient, we, as the Supreme Court in *M/S Bremen*, have recognized that there may be extreme circumstances that courts cannot presently anticipate or foresee; but we have not established a bright-line test for avoiding enforcement of forum-selection clauses. *See M/S Bremen*, 407 U.S. at 17, 92 S.Ct. 1907 (speculating that exceptional circumstances could exist such as a forum-selection clause in a contract of adhesion, or a controversy that the parties could never have had in mind).[2] We have consistently refused to close the door to the possibility that exceptional circumstances could exist, even as we have chosen not to confront them in particular cases. *See, e.g., Int'l Profit Assocs.*, 274 S.W.3d at 679–80; *Lyon*, 257 S.W.3d at 231–32; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex. 2005). Here, though, we need not elaborate on these exceptions any further because the sparse record in this mandamus case does not demonstrate such exceptional circumstances.

### III

We conclude that Prescott did not overcome the presumption against ADM's waiving its right to enforce the forum-selection clause by showing that ADM substantially invoked the judicial process. We also conclude that Prescott failed to satisfy her burden to demonstrate that enforcement of the forum-selection clause would be unjust and unreasonable. Accordingly, we hold that the trial court abused its discretion in denying ADM's motion to dismiss. There is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex.2007). For these reasons, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant ADM's petition for writ of mandamus and direct the trial court to vacate its February 11, 2008 order and grant ADM's motion to dismiss. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

Justice WILLETT filed a concurring opinion.

Justice WILLETT, concurring.

I join the Court's result and write separately only to add a brief word on the evidentiary burden borne by a party asserting medical hardship to escape a forum-selection clause, an issue of first impression in this Court. Also, while today's case is a sub-par vehicle given its slim record, I believe the Court should one day clarify something else in medical-hardship cases: the meaning of phrases like "seriously inconvenient" and "unreasonable or unjust"—two of the bases for avoiding a forum-selection clause—and, relatedly, whether physical ailments can qualify as

---

1. In considering the circumstances of this case, we offer no opinion as to whether, in a different case, health concerns might be sufficient grounds to preclude enforcement of a forum-selection clause, or what sort of proof of such health concerns would be required.

2. The Supreme Court clarified in *Carnival Cruise Lines, Inc. v. Shute* that its use of

"serious inconvenience of the contractual forum" in *M/S Bremen* was in the context of a hypothetical agreement between two Americans to resolve a local dispute in a remote alien forum, not an agreement to resolve the dispute in another state. 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

"special and unusual circumstances" sufficient to defeat enforcement. Actions to enforce forum-selection clauses arrive at the Court via mandamus, and it seems unfair to conclude a lower court clearly abused its discretion by acting without reference to guiding principles if the principles they must reference supply scant guidance.

### 1. What sort of health-related evidence would suffice to escape a forum-selection clause?

I agree that Jetta Prescott's affidavit detailing her myriad health woes is, standing alone, insufficient to avoid the contracted-for forum. The lesson of *In re Lyon*, as the Court notes, is that the mere assertion of "financial and logistical difficulties" is not enough to negate a forum-selection clause, lest such clauses become "practically useless."[1] Ease of evasion is certainly no less a concern when the claimed hardship is physical rather than financial. So I agree that a party asserting medical infirmities must offer more than her own testimony.

I would go a step further, however, and make clear for the bench and bar what sort of evidence *would* suffice. Boiled down, a party opposing a forum-selection clause bears a "heavy burden"[2] of proving a heavy burden—that trial in the chosen forum would be unjustly onerous. And if the assertion is health-related, a health professional should do the asserting. In my view, first-party patient testimony is insufficient (though perhaps not always necessary), and third-party provider testi-mony is necessary (though perhaps not always sufficient). Specifically, a competent medical provider should attest that the patient's condition makes travel to the agreed forum not merely inconvenient or impracticable, but medically prohibited. This is the approach adopted in a recent federal-court case involving an 81-year-old New York resident who broke her hip on a cruise ship and argued "inconvenience" to defeat transfer of her personal-injury suit to Washington State under a forum-selection clause.[3] Both the plaintiff and her orthopedic surgeon described her condition, the surgeon testifying she could tolerate a plane flight, although it would be difficult and she would suffer discomfort.[4] The court held that while this plaintiff failed to make the requisite showing—she proved only that travel would be unpleasant, not unfeasible—a plaintiff whose physical limitations bar travel can satisfy the heavy burden of proof required to set aside a forum-selection clause on grounds of inconvenience.[5] If health concerns are ever held to preclude enforcement, this type of proof, at minimum, seems necessary.

### 2. In a forum-selection clause case involving a medically infirm party, what do "seriously inconvenient" and "unreasonable or unjust" mean?

A litigant may defeat enforcement of a forum-selection clause by showing one of four things:

(1) enforcement would be unreasonable or unjust,

---

1. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex.2008) (per curiam).

2. *In re AIU Ins. Co.*, 148 S.W.3d 109, 113 (Tex.2004).

3. *See Caputo v. Holland Am. Line, Inc.*, No. 08–CV–4584, 2009 WL 2258326 (E.D.N.Y. July 29, 2009) (stating an 81–year–old plaintiff whose recent hip surgery made her unable to walk alone or sit for extended periods could have made the requisite showing if she had shown she was physically unable to fly to the selected forum).

4. *Id.* at *1–2.

5. *Id.* at *4.

(2) the clause is invalid for reasons of fraud or overreaching,

(3) enforcement would contravene a strong public policy of the forum where the suit was brought, or

(4) the selected forum would be seriously inconvenient for trial.[6]

Today's case focuses on grounds (1) and (4) above, and while I understand that the slender record makes this case a less-than-ideal vehicle for extended analysis, I believe we should one day explain more fully how these rather opaque phrases apply to assertions of medical hardship.

Most Texas cases avoid fleshing out the term "seriously inconvenient"; the only discernible "definition" seems to emerge from piecing together examples of what various courts have held *not* to be seriously inconvenient.[7] Many cases recite the general standard from *M/S Bremen v. Zapata Off-Shore Co.*,[8] essentially that "a forum clause ... may [ ] be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action," and conclude the party's proof fell short.[9] None of the cases, however, are medical-hardship cases; today's case is the first, meaning Texas courts have no guidance for discerning the confusing, but apparently consequential, line between "inconvenient" (clause enforced) and "seriously inconvenient" (clause evaded) ...

---

**6.** *Lyon*, 257 S.W.3d at 231–32. Despite the disjunctive "or," which signals textual separateness, we seemed to intermingle grounds (1) and (4) in *In re Lyon*, asking "whether Pennsylvania is such an inconvenient forum that enforcing the forum-selection clause would produce an unjust result." *Id.* at 233.

**7.** *See, e.g., In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 679, 680 (Tex.2009) (per curiam) (holding that even though plaintiff may have to pursue two suits, one in Illinois and one in Texas, that is not the type of unusual and special circumstances that shows litigating in the contracted-for forum would be so gravely difficult and inconvenient that plaintiff would be deprived of its day in court; also, Illinois is not a remote alien forum for purposes of forum-selection agreements); *Lyon*, 257 S.W.3d at 233–34 (clause was not so inconvenient to the lessee that enforcing it would produce an unjust result, even though lessee claimed it lacked the financial or logistical ability to pursue its claims in Pennsylvania); *AIU*, 148 S.W.3d at 112–13 (rejecting argument that many if not most potential witnesses regarding coverage issues were in Texas and therefore trial in New York would be seriously inconvenient); *First ATM, Inc. v. Onedoz, Inc.*, No. 03–08–00286–CV, 2009 WL 349164, at *3 (Tex.App.-Austin Feb. 13, 2009, no pet.) (mem. op.) (holding that unsupported pleadings regarding a party's financial condition and its expected costs of litigation in Texas did not show that litigating in Texas would be so inconvenient that party would be deprived of its day in court); *Bailey v. Sorenson Labs., Inc.*, 217 B.R. 523, 527 (Bankr. E.D.Tex.1997) (finding that mere fact that debtor had experienced financial difficulties resulting in bankruptcy was not sufficient to preclude enforcement of a forum-selection clause on the theory that it had become seriously inconvenient).

**8.** 407 U.S. 1, 16, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (the Supreme Court also noted: "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause," *id.* at 17, 92 S.Ct. 1907). The Court later clarified in *Carnival Cruise Lines, Inc. v. Shute* that the inconvenience discussion in *The Bremen* was in the context of a hypothetical agreement between two Americans to resolve a local dispute in a remote alien forum, not an agreement to resolve the dispute in another of the United States. 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). *See Lyon*, 257 S.W.3d at 234.

**9.** *See, e.g., AIU*, 148 S.W.3d at 112–13; *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 692–93 (Tex.App.-Houston [14th Dist.] 2007, pet. denied); *In re Talent Tree Crystal*, No. 01–05–00686–CV, 2006 WL 305015, at *4 (Tex.App.-Houston [1st Dist.] Feb. 9, 2006, no pet.) (mem. op.); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 621 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

not to mention what separately qualifies as "unreasonable or unjust" in the context of someone asserting health maladies that arose after the clause was adopted.

Cases involving medical hardship strike me as somewhat unique. Financial or logistical burdens may be easily anticipated; not so with many medical burdens.[10] The Court notes that when a forum's inconvenience is foreseeable at the time of contracting, the party opposing enforcement must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."[11] True, but in conducting that analysis we must also confront what we confirmed just last year: a party asserting inconvenience can avoid enforcement by proving that "special and unusual circumstances developed *after* the contracts were executed" such that litigation in the chosen forum would work a deprivation of its day in court.[12] So can exacting evidence of severe medical ailments constitute "special and unusual circumstances" in certain cases?

The Court never mentions this "special and unusual circumstances" basis for negating a forum-selection clause, but that is immaterial here. Mrs. Prescott's only evidence of post-contract medical problems is her lone affidavit, which even if wholly persuasive, is wholly insufficient. Accordingly, we need not consider the affidavit's substance (or lack thereof) and whether Mrs. Prescott's ailments qualify as "special and unusual circumstances."

In sum, this Court has never addressed, nor has *any* Texas appellate court, whether medical concerns can negate a forum-selection clause. Given the ubiquity of such clauses in everyday contracts, both commercial and consumer, I hope a future case with a more-developed record gives us an opportunity to clarify how the various bases for avoiding enforcement apply when a party asserts serious medical hardship. This seems only fair. Actions to enforce forum-selection clauses reach us via mandamus,[13] a remedy "controlled largely by equitable principles,"[14] and we must determine if the court below clearly abused its discretion in denying enforcement. It seems inequitable to fault lower courts for acting without reference to guiding principles if there are few on-point principles to be referenced.

I understand why the Court declines to use today's imperfect case to dive deeper and provide greater specificity for forum-selection cases involving medical hardship,

---

**10.** Parties ought not bear an expectation of prognostication when it comes to their health, required to foretell whether future maladies might make a potential out-of-state trial too onerous. Infirmities are inevitable, but that doesn't make them foreseeable such that healthy parties who execute a forum-selection clause must consider whether health woes years or decades down the road might pose a travel problem. Cross-country travel may be undemanding for a healthy 60–year–old who signs a forum-selection clause but inconceivable for an ailing almost–80–year–old who contests one.

**11.** 304 S.W.3d at 375 (citing *AIU*, 148 S.W.3d at 113 (quoting *The Bremen*, 407 U.S. at 18, 92 S.Ct. 1907)).

**12.** *Int'l Profit Assocs.*, 274 S.W.3d at 680 (emphasis added). *See also Lyon*, 257 S.W.3d at 234 (noting no "proof of special and unusual circumstances" and "no evidence that ... conditions changed from the time the agreements were executed").

**13.** *See Lyon*, 257 S.W.3d at 231 ("There is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause, and such clauses can be enforced via mandamus.").

**14.** *Int'l Profit Assocs.*, 274 S.W.3d at 676.

but I hope a future case will give us occasion to say more.