Opinion issued September 15, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00541-CV

———————————

In re Christopher Morice, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Christopher Morice seeks mandamus
relief from the trial court’s order denying his motion to dismiss Equity
Residential Management, LLC’s suit for breach of a residential lease, based on
a contractual provision designating the location of the leased property as the
venue for suit.[1]  Finding that clause governs, we conditionally
grant a writ of mandamus, and direct the trial court to dismiss the case
without prejudice.

Background

Morice leased an apartment in New
York City, New York from Equity.  The
lease agreement provides:

LAWS GOVERNING THIS
LEASE/VENUE:  This Lease shall be
governed by the laws of the state in which the Building is located, and all
legal action arising from this Lease shall be tried in the county where the
Building is located. 

 

Despite this provision, Equity sued
Morice in Harris County, Texas, where Morice now lives.  Equity alleged that Morice defaulted on the
lease and owes more than $11,000 in unpaid rent.  Morice answered Equity’s lawsuit with a
general denial and later moved to dismiss the case based on the foregoing
clause.

Equity opposed enforcement of the
clause, and the trial court denied Morice’s motion to dismiss the case without
stating its reasons.  Morice asked the
trial court to reconsider its ruling, but the trial court declined to do so.  

Discussion

Standard of Review

          A writ of mandamus will
issue if the trial court committed a clear abuse of discretion for which the
relator has no adequate remedy by appeal. 
In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  Mandamus relief is available to enforce a
forum-selection clause.  In re AutoNation, Inc., 228 S.W.3d 663,
667 (Tex. 2007); see In re AIU Ins. Co.,
148 S.W.3d 109, 111-12 (Tex. 2004).

Forum-Selection Clause

Morice and Equity agreed that all
legal action arising from their lease “shall be tried in the county where the
Building is located.”  While they did not
expressly select the State of New York as the forum in which such actions shall
be tried, we conclude that their selection of a New York county as the proper
venue for suits arising from the lease necessarily implies their selection of
the State of New York as the forum for any such suit.   See
Ramsay v. Tex. Trading Co., Inc., 254
S.W.3d 620, 627 (Tex. App.—Texarkana 2008, pet. denied) (“a ‘forum’-selection
agreement is one that chooses another state or sovereign as the location for
trial, whereas a ‘venue’-selection agreement chooses a particular county or
court within that state or sovereign.”) (quoting In re Great Lakes Dredge & Dock Co., 251 S.W.3d 68, 74-75 (Tex.—Corpus
Christi 2008, orig. proceeding)).  The
parties’ agreement fixes both a forum and a venue by providing that cases be
tried in the county in which the leased premises are located.  We decide whether the selection of New York
State as the forum for disputes arising under the lease agreement is
enforceable.[2]

A trial court abuses its discretion
in refusing to enforce a forum-selection clause unless the party opposing
enforcement clearly shows “(1) enforcement would be unreasonable or unjust, (2)
the clause is invalid for reasons of fraud or overreaching, (3) enforcement
would contravene a strong public policy of the forum where the suit was
brought, or (4) the selected forum would be seriously inconvenient for
trial.”  In re ADM Investor Servs., 304 S.W.3d 371, 375 (Tex. 2010) (orig.
proceeding).  “The burden of proof is
heavy for the party challenging enforcement.” 
Id.    

Morice contends the trial court’s
order denying his motion to dismiss is contrary to these principles of law.  Equity responds by asserting a number of
reasons why this case should be maintained in Texas, the first reason being
that the Texas Deceptive Trade Practices Act (DTPA) and the Fair Debt
Collection Practices Act (FDCPA) require as much.  See 15
U.S.C. §§ 1692-1692p
(2011); Tex. Bus. & Comm. Code Ann.
§§ 17.41-.63 (West 2011).
 Equity cites each statute’s venue
provision to support its suggestion that, despite the forum-selection clause, any
suit to collect amounts owed under the lease agreement must be brought in Harris
County, where Morice now resides, and
not in New York, where the apartment building is located.  See 15
U.S.C. § 1692i; Tex. Bus. & Comm.
Code Ann. § 17.56.  We disagree.  Neither statute mandates that suit be brought
in Harris County.  See 15 U.S.C. § 1692i(2)(A), (B) (providing that legal action
subject to FDCPA may be brought in judicial district in which consumer signed
contract or in which consumer resides
at commencement of action); Tex. Bus.
& Comm. Code Ann. § 17.56 (providing that DTPA action may be brought
in county of proper venue under Texas’s general venue rule or county in which defendant solicited transaction made the subject
of lawsuit).  More importantly, however, Equity’s
petition includes only one cause of action—breach of the lease agreement.  The
petition does not assert any cause of action under the DTPA, and Equity has not
made any showing that it is a debt collector or that its efforts to collect
money from Morice are subject to the FDCPA. 
 

Equity next argues that, even if Harris
County is not a mandatory venue under the DTPA or the FDCPA, it is a permissive
venue under Texas’s general venue rule, and, as the plaintiff in this case, Equity
is entitled to its choice of venue.  See generally Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (West
2002).  This argument ignores the fact
that Equity chose the forum for its suit against Morice when it executed the
lease agreement, well before it filed its petition with the Harris County trial
court.  The trial court’s order
permitting Equity to litigate its claim in a forum other than the contractually
designated one encourages the type of forum shopping that the Texas Supreme
Court has cautioned against.  See, e.g., In re Lisa Laser USA, Inc.,
310 S.W.3d 880, 883 (Tex. 2010); In re
AIU Ins. Co., 148 S.W.3d at 117-20.     

Equity also argues that enforcement
of the forum-selection clause contravenes public policy by “encourag[ing]
consumer litigation in locations where a consumer does not reside.”  As discussed above, however, Equity has made
no showing that its lawsuit is subject to the provisions of the two consumer
litigation statutes on which it relies, the DTPA and the FDCPA.  Because both statutes would permit suit in a
venue other than the county in which Morice now resides, we cannot conclude
that enforcement of a clause designating New York as the place for suit violates
the public policy underlying those statutes. 
Given that Equity’s claim involves an alleged breach of a New York
contract anticipated to be performed in New York and executed by a person then
living in New York and a company based in New York, we also cannot conclude
that the circumstances of this lawsuit threaten any other public policy of the
State of Texas.    

In summary, Equity has not
demonstrated a basis for avoiding the forum-selection clause in this breach of
contract case seeking to enforce other obligations in the same contract.  Accordingly, we grant mandamus relief to
enforce the forum-selection clause.  See In re AIU Ins. Co., 148 S.W.3d at 117-20 (Tex.
2004) (concluding that appeal is not an adequate remedy for trial court’s
failure to enforce forum-selection clause).

Conclusion

For the foregoing reasons, we
conditionally grant Morice’s petition. 
We lift our order staying the trial court’s proceedings and direct the
trial court to promptly dismiss this case without prejudice.  Our writ will issue only if the trial court
fails to do so.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.  











[1]
          The underlying case is Equity Residential Management, LLC, as
Successor to Equity Residential Properties Management Corp. v. Christopher
Morice, No. 985323, in the County Court at Law No. 4 of Harris County,
Texas, the Honorable Roberta A. Lloyd presiding.





[2]
          Some Texas authorities hold that
venue selection, in contrast to forum selection, cannot be the subject of
private contract, because an advance agreement regarding venue must not
encroach on the statutory scheme for fixing venue.  See
Fleming v. Ahumada, 193 S.W.3d 704, 712-713 (Tex. App.—Corpus
Christi 2006, no pet.); Bristol-Myers
Squibb Co. v. Goldston, 957 S.W.2d 671, 674 (Tex. App.—Fort Worth 1997, pet.
dism’d by agr.) (“Because venue is fixed by law, any agreement or contract
whereby the parties try to extend or restrict venue is void as against public
policy.”).  Because we decide that New
York is the appropriate forum, and the lease agreement provides that New York
law governs, we do not reach the issue of the appropriateness of any particular
venue under New York law.