Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★



## OPINION

No. 04-11-00427-CV

**IN RE ZOTEC PARTNERS, LLC**

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  September 21, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On June 22, 2011, relator Zotec Partners, LLC ("Zotec Partners") filed a petition for writ of mandamus, complaining of the trial court's April 27, 2011 order denying Zotec's First Amended Original Plea in Abatement/Motion to Dismiss based on a forum-selection clause.  We hold the trial court erred in failing to dismiss the case as to Zotec Partners.  Therefore, we conditionally grant mandamus relief in part.

### BACKGROUND

This proceeding arises out of a suit between Dennis Karasek, M.D., PLLC ("the Karasek Co.") and Zotec Partners and Zotec Solutions, Inc.  On October 30, 2008, Zotec Partners entered

---

[1] This proceeding arises out of Cause No. 2010-CI-13437, styled *Dennis Karasek, M.D., PLLC v. Zotec Partners, LLC, and Zotec Solutions, Inc.*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Solomon J. Casseb, III presiding.  However, the order complained of was signed by the Honorable Barbara Hanson Nellermoe, presiding judge of the 45th Judicial District Court, Bexar County, Texas.

into a contract with the Karasek Co. for medical billing services. The contract contained the following forum-selection clause:

> 10.5 Governing law and Forum. This Agreement and performance hereunder shall be governed by and construed in accordance with the laws of the state of Indiana. Any and all proceedings relating to the subject matter hereof shall be maintained in the courts of the State of Indiana or the Federal District Courts sitting in Indianapolis, Indiana, which courts shall have exclusive jurisdiction for such purposes.

A dispute arose between the parties over whether Zotec Partners was in violation of the contract by allegedly outsourcing the billing services to a company in India in violation of federal law under the Health Insurance Portability and Accountability Act ("HIPAA"). On August 12, 2010, the Karasek Co. filed its Original Petition, which alleged several claims, including breach of contract, against Zotec Partners and Zotec Solutions. Zotec Partners subsequently filed a Plea in Abatement based on the forum-selection clause. Dennis Karasek, M.D. ("Dr. Karasek") later intervened in the proceeding. Zotec Partners subsequently filed an Amended Plea in Abatement/Motion to Dismiss, and on November 29, 2010, the trial court held a hearing on the motion. On April 27, 2011, the trial court denied Zotec Partners' First Amended Plea in Abatement/Motion to Dismiss. This petition for writ of mandamus ensued. In the petition for writ of mandamus, Zotec Partners is the sole relator and the Karasek Co. and Dr. Karasek are real parties in interest.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable

as to amount to a clear and prejudicial error of law.'" *Walker*, 827 S.W.2d at 840 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A review of a trial court's determination of the legal principles controlling its ruling is much less deferential than a review of a trial court's factual determinations. *Id.* A trial court has no discretion in its determination of what the law is or when applying the law to the facts. *Id.* Therefore, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

The Texas Supreme Court has consistently held that mandamus relief is available to enforce forum-selection clauses because a trial court that improperly refuses to enforce such a clause has clearly abused its discretion. *See In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 114-15 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *See ADM*, 304 S.W.3d at 375. The party resisting enforcement of the forum-selection clause bears a heavy burden of proof. *Id.*

In the trial court's findings of fact and conclusions of law, the trial court provided the following conclusion of law:

> The selected forum, Indiana, would be seriously inconvenient to the vast majority of witnesses, reportedly more than 30,000 medical patients who are potential intervenors, and the Plaintiffs all of whom reside, receive or render medical services in and around Bexar County, Texas and whose claims arise from conduct

by the Zotec parties allegedly committed while conducting business in Bexar County, Texas.

Relator contends real parties in interest failed to meet their burden of establishing Indiana is a seriously inconvenient forum for trial. We agree.

"When inconvenience in litigating in the chosen forum is foreseeable at the time of contracting, the challenger must 'show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* (quoting *AIU*, 148 S.W.3d at 113). By agreeing to the forum-selection clause, real parties in interest represented to relator that Indiana would not be so inconvenient that enforcing the clause would deprive them of their day in court. *See In re Int'l Profit Associates, Inc.*, 274 S.W.3d 672, 680 (Tex. 2009) (orig. proceeding). To avoid enforcement of the clause, real parties in interest must have proven that special and unusual circumstances developed after the contract was executed and that litigation in Indiana would be so gravely difficult and inconvenient that real parties in interest would for all practical purposes be deprived of their day in court. *Id.*; *AIU*, 148 S.W.3d at 113.

Real parties in interest failed to meet this heavy burden. While real parties in interest argued to the trial court that there are potentially 30,000 patients whose medical information was disclosed and those patients are potential witnesses or intervenors, they failed to provide any detailed argument or evidence to the trial court as to the nature of the potential witnesses' testimony or even as to the necessity of the witnesses at trial. Further, even if real parties in interest had established that some of the patients affected would in fact be witnesses, inconvenience to witnesses is not sufficient to overcome a forum-selection clause. *Int'l*, 274 S.W.3d at 679-80; *AIU*, 148 S.W.3d at 113-14. Additionally, relator argues the patients have no private right of action for the alleged HIPAA violations, and, therefore, cannot be intervenors in

this case. It was real parties in interest's burden to establish the 30,000 patients are in fact potential intervenors rather than simply make a bare assertion.

Although a trial in Texas is undoubtedly more convenient for a Texas resident or company, real parties in interest failed to prove that a trial in Indiana would deprive them of their day in court. *See ADM*, 304 S.W.3d at 375. A bare assertion that 30,000 patients are potential witnesses or intervenors is not sufficient to establish that a trial in Indiana will for all practical purposes deprive real parties in interest of their day in court. *Id.* Therefore, the record before us does not support the trial court's determination that Indiana is a seriously inconvenient forum sufficient to avoid the forum-selection clause.

Finally, real parties in interest provide in their response to this court numerous other justifications for the trial court denying the motion to dismiss. However, these justifications were presented to the trial court in real parties in interest's voluminous request for findings of fact and conclusions of law. The additional requested conclusions of law were not made by the trial court, and, therefore, such failure to include them is tantamount to a refusal. *See Rafferty v. Finstad*, 903 S.W.2d 374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Because the trial court expressly provided only one justification for its denial of the motion to dismiss, that Indiana is a seriously inconvenient forum, it is not necessary to review the additional justifications real parties in interest presented to the trial court in support of their motion to dismiss. *See In re Int'l Bank of Commerce*, No. 13-07-00693-CV, 2008 WL 192260, at * 15 (Tex. App.—Corpus Christi-Edinburg January 18, 2008, orig. proceeding [mand. denied]) (mem. op.) (comparing to a summary judgment proceeding, and providing that when a trial court states the basis for its ruling, the appellant is required to attack only the stated grounds of the ruling).

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in failing to dismiss the case as to Zotec Partners, LLC based on the forum-selection clause. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw the April 27, 2011 order denying Zotec's First Amended Original Plea in Abatement/Motion to Dismiss, and enter an order dismissing the case as to Zotec Partners, LLC. The writ will issue only if the trial court fails to comply within fourteen days.

Catherine Stone, Chief Justice