In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00226-CV

_____

IN RE GUARDIAN ANGEL SERVICE DOGS, INC., NOW KNOWN AS SERVICE DOGS BY WARREN RETRIEVERS, INC.

Original Proceeding

MEMORANDUM OPINION

Guardian Angel Service Dogs, Inc., now known as Service Dogs by Warren Retrievers, Inc., ("Service Dogs") filed a petition for writ of mandamus to compel the trial court to enforce a contractual forum selection clause. We stayed further proceedings in the trial court and requested a response from the real parties in interest, Ryan McLeod and Tara McLeod. Upon consideration of the petition and response, we conditionally grant relief.

The local community raised funds to obtain a medical alert service dog for the McLeods' son. On June 5, 2012, referring to a letter dated December 15, 2011,

1

Service Dogs demanded what Service Dogs stated were charitable funds received on behalf of Service Dogs. The McLeods filed a petition for a declaratory judgment that they are not required to pay Service Dogs "over and above the $20,000 that has already been paid for the dog" pursuant to a "Puppy Purchase and Training Agreement" executed on May 18, 2012. Service Dogs moved to dismiss the case because the contract contains a forum-selection clause naming Virginia as "the appropriate venue for any action arising out of this Agreement." The contract also contains a merger clause that disavows any other obligations between the parties. The trial court denied Service Dogs' motion to dismiss. The trial court found the dispute concerned Service Dogs' demand for fundraising proceeds acquired by the McLeods before May 18, 2012, and did not arise out of the contract.

"[M]andamus relief is available to enforce an unambiguous forum-selection clause in a contract." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding). "[D]etermining whether a contract or some other general legal obligation establishes the duty at issue and dictates whether the claims are such as to be covered by the contractual forum-selection clause should be according to a common-sense examination of the substance of the claims

made." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding).

The forum selection clause in the Puppy Purchase and Training Agreement applies, by the terms of the contract, to "any action arising out of this Agreement." The trial court found that the McLeods are not seeking to enforce a right provided in the Agreement, but their pleadings ask for "[a] declaration that the Plaintiffs are not required to pay over and above the $20,000 that has already been paid for the dog" and "[a] declaration that the Defendant is not entitled to anything in addition from Plaintiffs, specifically any money remaining in the medical account that has been set up for [the McLeods' son]." Assuming without deciding that the second requested declaration concerns a dispute over ownership of funds in an account unrelated to the contract, and that the parties' rights and obligations concerning those funds arise out of federal tax law independent of the contract, the first requested declaration unambiguously calls for a determination of a question of construction of the Puppy Purchase and Training Agreement.

The McLeods are asserting that their only obligation to Service Dogs was to pay the $20,000 purchase price for the dog. Their claims cannot be maintained without reference to the agreement that provides the sole contractual relationship between the parties. In its mandamus petition, Service Dogs states, "The parties'

3

entire relationship with each other arises solely form their contractual dealings, which included fundraising." Thus, Service Dogs concedes that any claim it might have to the disputed funds arises solely from the Puppy Purchase and Training Agreement. Because the McLeods' obligations and Service Dogs' claims may only be understood by reference to the Puppy Purchase and Training Agreement, the dispute is within the scope of that contract's forum-selection clause. *See Lisa Laser*, 310 S.W.3d at 885.

The trial court held the forum-selection clause did not apply to the declaratory judgment action; consequently, the trial court did not reach the McLeods' grounds for not enforcing the forum-selection clause. *See generally In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) (orig. proceeding) ("A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial."). Because the order subject to mandamus review is not based on the McLeods' alternative arguments, we express no opinion on them.

The dispute falls within the scope of the forum-selection clause of the parties' contract. The trial court abused its discretion when it denied Service Dogs' motion to dismiss on that ground. We are confident that the trial court will vacate its order of January 16, 2013, and will re-consider the motion to dismiss and the response. The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion within a reasonable time.

PETITION CONDITIONALLY GRANTED.


PER CURIAM


Submitted on June 3, 2013
Opinion Delivered June 27, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.