# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00640-CV

### In re Asplundh Tree Expert Co.

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Asplundh Tree Expert Co. filed a motion for temporary relief and a petition for writ of mandamus complaining of the trial court's order compelling Asplundh to provide certain discovery materials, and on October 4, 2013, we granted temporary relief, staying the order until we could consider the merits of the petition. *See* Tex. R. App. P. 52.8, 52.10. Having reviewed Asplundh's petition, the real parties in interest's response, Asplundh's reply, and the various appendices provided, we deny Asplundh's request for relief.

Asplundh complains that the materials it was ordered to produce—information related to employees' salaries and bonuses and financial factors that guide Asplundh in determining where and when to work—were trade secrets and that the order is overbroad. However, Asplundh has the burden of establishing that it is entitled to extraordinary relief. *See In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 373-74 (Tex. 2010); *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). Further, Asplundh was required to establish in the trial court that what it sought to conceal were in fact trade secrets. *See In re Bass*, 113 S.W.3d 735, 737 (Tex. 2003) (party asserting trade secret privilege "has the burden of proving that the discovery information sought qualifies

as a trade secret"). Asplundh did not present evidence at the hearing and has not carried its burden of showing that it was entitled to trade-secret protection, that the order is overbroad, or that the trial court abused its discretion in entering the order. We deny the petition for writ of mandamus and dissolve our stay dated October 4, 2013.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed:   November 20, 2013

2