**GENERAL MOTORS CORPORATION,
et al., Appellants,**

v.

**W.L. RAMSEY, Appellee.**

No. 12–82–0092–CV.

Court of Appeals of Texas,
Tyler.

March 29, 1984.

Rehearing Denied May 17, 1984.

Tom Bankhead, Bankhead & Davis, Carthage, Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellants.

Bill Griffin, Jr., Center, for appellee.

COLLEY, Justice.

General Motors Corporation and Bill Hancock Chevrolet, Inc., defendants/appellants, appeal from a judgment awarding treble damages and attorney's fees under the Deceptive Trade Practices and Consumer Protection Act to W.L. Ramsey, plaintiff/appellee. Trial was to a jury which found on largely undisputed evidence that a chevrolet pickup truck purchased by Ramsey from Hancock was defective; that on the date of purchase the vehicle had a market value without the defect of $7,960 and a market value with the defect of $6,000. The trial court trebled the damages ($1,960) and rendered judgment for Ramsey for $5,880 damages and $3,000 attorney's fees awarded by the jury and an additional $5,000 for attorney's fees in the event of successful defense of any appeal herein.

GMC and Hancock jointly briefed the case and contend in their eighth point of error that the trial court erred in refusing to submit the following special issue, to-wit:

"Do you find from a preponderance of the evidence that the Defendants cured the defect in the vehicle, if any, before Plaintiff W.L. Ramsey filed suit?"

Ramsey sought damages and rescission of the sale on the grounds of breach of both express and implied warranties under the provisions of Section 17.50 Tex.Bus. & Com.Code as it existed immediately following the effective date of the 1977 amendments thereto. See Acts 1977, 65th Leg. Regular Session p. 603, ch. 216, § 5. GMC and Hancock argue that Section 17.50A of the Tex.Bus. & Com.Code also then in effect, and reading in part,

Section 17.50A. Damages. Defenses.

In an action brought under Section 17.-50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended

and court costs may be awarded where the defendant:

\* \* \* \* \* \*

(3) in the case of a suit under § 17.-50(a)(2) the defendant proves that he was not given a reasonable opportunity to cure the defects or malfunctions before suit was filed.

precludes an award of treble damages where the defect or malfunction *was in fact cured* before the suit was filed. We agree, and having studied the record conclude that the trial court's refusal to submit the requested issue above quoted was erroneous. GMC's and Hancock's eighth point is sustained.

Because of our disposition of the above point of error, we do not address the remaining points. The judgment is reversed and the case is remanded for a new trial.