**W.L. RAMSEY, Petitioner.**

v.

**GENERAL MOTORS CORPORATION, Et Al., Respondent.**

**No. C–3181.**

Supreme Court of Texas.

Jan. 30, 1985.

Rehearing Denied March 13, 1985.

Bill F. Griffin, Jr., Center, for petitioner.

Bankhead & Davis, Tom Bankhead, Carthage, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Kenzy D. Hallmark, Lufkin, for respondent.

ROBERTSON, Justice.

This is a suit brought under the Deceptive Trade Practices—Consumer Protection Act as it existed prior to the 1979 Amendments. W.L. Ramsey sued General Motors Corporation and Bill Hancock Chevrolet, Inc. for damages arising from the purchase of a defective pickup truck. Hancock filed a cross-action against GMC for indemnification. The trial court rendered judgment that Ramsey recover from GMC and Hancock, jointly and severally, the amount of $5,880 plus attorney fees, and that Hancock recover full indemnity from GMC. In a published opinion, the court of appeals reversed the judgment and remanded the cause for a new trial. 669 S.W.2d 824. We affirm in part the judgment of the court of appeals, and we reverse and render in part.

Ramsey sought damages for breach of implied warranty of merchantability under the provisions of section 17.50 of the DTPA, Tex.Bus. & Com.Code Ann. The trial was to a jury which found that the truck which Ramsey purchased from Hancock was defective and that it was not fit for the ordinary purposes for which such vehicles are intended. The jury also found that the vehicle had a market value without the defect of $7,960 and a market value with the defect of $6,000. The trial court trebled the $1,960 of actual damages and rendered judgment for Ramsey in the amount of $5,880 plus attorney fees.

On appeal, General Motors and Hancock challenged the trial court's refusal to submit the following special issue:

Do you find from a preponderance of the evidence that the defendant cured the defect in the vehicle, if any, before Plaintiff, W.L. Ramsey, filed suit?

The court of appeals reasoned that section 17.50A(3) of the pre-1979 DTPA precluded an award of treble damages if the defect was in fact cured before the suit was filed. The court therefore held that the trial court erred in refusing to submit the requested issue.

 In section 17.50A(3), the legislature intended to provide a defense to treble damages for defendants who attempt to cure the defect. *Woods v. Littleton*, 554 S.W.2d 662, 671 (Tex.1977). However, this defense of "cure" is an affirmative defense which the defendant must plead and prove. Tex.R.Civ.P. 94; *see Ridco, Inc. v. Sexton*, 623 S.W.2d 792 (Tex.App.—Fort Worth 1981, no writ).

 General Motors pleaded "cure" as an affirmative defense, but Hancock merely filed a general denial. Although Hancock introduced evidence of cure, the trial court refused to submit the requested special issue. The refusal to submit a special issue in this case is not error because the issue was not raised by the pleadings. *Matthews v. General Fire & Life Assurance Corp.*, 161 Tex. 622, 343 S.W.2d 251, 255 (1961). Therefore, the trial court's refusal to submit the special issue was not error as to Hancock.

As to Ramsey's claim against Hancock, we reverse the judgment of the court of appeals and affirm that of the trial court. We affirm the judgment of the court of appeals in that Ramsey's claim against GMC and Hancock's cross-claim against GMC are remanded for new trial.