# IN THE SUPREME COURT OF TEXAS

════════════
No. 15-0328
════════════

IN RE NATIONWIDE INSURANCE COMPANY OF AMERICA, ET AL., RELATORS

═══════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════

JUSTICE GUZMAN, joined by JUSTICE BROWN, dissenting.

Although the defendant slept on its contractual forum-selection rights for more than two years, it is no Rip Van Winkle. To the contrary, during that time, the defendant took the lead in driving the litigation, pressing this case forward until a contractual limitations period expired as to one claim and the statute of limitations on another was substantially consumed. Only then did the defendant assert its right to litigate in another forum, after having consciously abandoned that course of action at the lawsuit's inception. In declining to enforce the forum-selection clause, the trial court observed that "the passage of time is not inconsequential in this case" because the plaintiff could "suffer the ultimate prejudice" of losing a claim to limitations if the case were dismissed. During the pendency of this mandamus proceeding, the statute of limitations expired as to another claim, precluding refiling the claim in the designated forum if the forum-selection clause is enforced.

Under our precedent, substantially invoking the judicial process to an opponent's detriment or prejudice constitutes waiver of the right to enforce a forum-selection clause. I would hold the defendant substantially invoked the judicial process, the plaintiff has been prejudiced by the

expiration of limitations, and the defendant failed to prove prejudice has been cured. I thus conclude the trial court did not abuse its discretion by declining to enforce the forum-selection provision. Because the Court holds otherwise, I respectfully dissent.

## I.

On December 26, 2012, Brian Besch sued Nationwide Insurance Company in Travis County, Texas, asserting contract, fraud, and disparagement claims. Although Besch's suit arises from a contract that includes a forum-selection clause designating an Ohio forum, Nationwide waited more than two years after Besch filed suit to seek enforcement of the forum-selection clause. During the period preceding its January 2015 motion to dismiss, Nationwide engaged in consequential pretrial conduct, including:

- filing an answer, a counterclaim, special exceptions, and a Rule 91a partial motion to dismiss on April 29, 2013;

- stating an intention to file a motion to dismiss based on the forum-selection clause in a discussion with Besch's counsel around April 29, 2013, and responding with silence when Besch's counsel expressed the belief that the forum-selection clause had been waived;

- filing five pro hac vice motions on May 24, 2013;

- attending a hearing on its special exceptions on June 24, 2013;

- filing a Rule 91a motion to dismiss or, alternatively, a traditional motion for summary judgment on one of Besch's claims on July 31, 2013;

- amending its answer and counterclaim on August 5, 2013;

- requesting a joint confidentiality and protective order on December 17, 2013; and

- filing a motion for substitution of counsel and two additional pro hac vice motions in July 2014.

Nationwide also initiated substantial discovery into the merits of the case, including requests for disclosure, 46 interrogatories, 70 requests for production, and 66 requests for admission.

## II.

Although a strong presumption against waiver of a forum-selection clause exists,[1] "[a] party waives a forum-selection clause by substantially invoking the judicial process to the other party's detriment or prejudice."[2] A party can waive its right to enforce a forum-selection clause through its unequivocal conduct, "[b]ut merely participating in litigation does not categorically mean the party has invoked the judicial process so as to waive enforcement."[3]

In determining whether a party has merely participated in litigation or has substantially invoked the judicial process, courts apply "a totality-of-the-circumstances test on a case-by-case basis."[4] A totality-of-the-circumstances test necessarily implies that a multitude of factors must be considered and evidence must be carefully weighed.[5] We have articulated several factors to be considered, "such as:

- when the movant knew of the [forum-selection] clause;

- how much discovery has been conducted;

---

[1] *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008); *see also In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (recognizing cases involving waiver in the arbitration context are analogous to waiver in the forum-selection-clause context).

[2] *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010).

[3] *Id.* at 374.

[4] *Perry Homes*, 258 S.W.3d at 590.

[5] *Id.* at 598.

- who initiated it;

- whether it related to the merits . . . ;

- how much of it would be useful in [another forum]; and

- whether the movant sought judgment on the merits."[6]

In this case, the trial court thoroughly considered these factors and ultimately concluded Nationwide intentionally and knowingly waived its right to enforce the forum-selection clause. Mandamus relief is only appropriate if the trial court abused its discretion.[7]

Abuse of discretion is a deferential standard of review; a court abuses its discretion when it acts without reference to guiding rules and principles.[8] In *Perry Homes v. Cull*, we acknowledged that applying the abuse-of-discretion standard in the context of a totality-of-the-circumstances test, which "presumes a multitude of potential factors and a balancing of evidence on either side," is decidedly different than applying the standard in other contexts where courts are guided by detailed rules.[9] We recognized the need for flexibility, because "if appellate courts must affirm every time there is some factor that was not negated or some evidence on either side, then no ruling based on the totality-of-the-circumstances could ever be reversed" and that would be the equivalent of "no review at all."[10] Similarly, review should not be conditioned on establishing each and every factor

---

[6] *Id.* at 591-92.

[7] *In re J.B. Hunt Transport, Inc.*, ___ S.W.3d ___, ___ (Tex. 2016).

[8] *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

[9] 258 S.W.3d at 598.

[10] *Id.*

4

that weighs in favor of waiver. While proving waiver is onerous, it ought not be impossible. As such, appellate courts must employ a flexible standard in reviewing determinations of waiver, allowing trial courts the opportunity to utilize the intentionally-fluid guidelines we have imposed.

Under a proper abuse-of-discretion review, waiver is a question of law for the court, but we must defer to a trial court's fact findings that are supported by evidence, such as whether a party conducted extensive merits discovery or delayed efforts to enforce a forum-selection clause.[11] Applying the applicable standard of review, I conclude Nationwide substantially invoked the judicial process. First, the discussion between the parties' counsel in April 2013 reveals Nationwide knew about the existence of the forum-selection clause at the outset of the litigation and, for unknown reasons, chose not to pursue enforcement of the clause at that time.[12] Rather than seeking enforcement, Nationwide initiated a substantial amount of discovery.[13] Importantly, the discovery went to the heart of the case.[14] Nationwide's subsequent agreement to reuse the discovery if Besch filed suit in Ohio is insufficient to negate the effect of its discovery-related conduct.[15]

Furthermore, Nationwide filed two 91a motions in the trial court, seeking disposition of Besch's various claims on the merits.[16] That Besch elected to amend his pleadings after these

---

[11] *See id.* at 599.

[12] *See id.* at 591 (timing of a movant's knowledge regarding the forum-selection clause is relevant).

[13] *See id.* at 592 (noting the importance of who initiated the discovery and how much discovery is conducted).

[14] *See id.* (recognizing the significance of conducting discovery on the merits).

[15] *See id.* (noting the usefulness of prior discovery is one consideration).

[16] *See id.* (acknowledging the movant's efforts to seek judgment on the merits is significant).

5

motions is of no moment in assessing whether Nationwide substantially invoked the judicial process because that inquiry hinges on Nationwide's actions, not Besch's.[17]

But substantial invocation standing alone is insufficient to waive a forum-selection clause; rather, invocation of the judicial process must be "to the other party's detriment or prejudice."[18] Because we have defined "prejudice" differently in myriad contexts, we clarified in *Perry Homes* that in the waiver context, prejudice refers "to inherent unfairness—that is, a party's attempt to have it both ways" to gain an unfair tactical advantage.[19] For example, when a party "enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process," the party can be barred from subsequently seeking to enforce a forum-selection clause.[20] Like the theory of estoppel, a party is prejudiced when a movant's conduct induces it to take or forgo an action of "definite and substantial character."[21] A showing of delay or expended resources alone will not establish prejudice.[22]

---

[17] *See id.* at 589-93 (focusing on whether the movant's actions show substantial invocation of the judicial process).

[18] *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 374; *see also, e.g.*, *In re Automated Collection Techs., Inc.*, 156 S.W.3d at 559 (discussing an analogous arbitration-waiver case holding substantial invocation without prejudice was insufficient to establish waiver).

[19] 258 S.W.3d at 597.

[20] *Id.* at 593.

[21] *Id.* (quoting *Trammel Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)).

[22] *See In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) ("Delay alone generally does not establish waiver."); *In re Automated Collection Techs., Inc.*, 156 S.W.3d at 559-60 (prejudice not established by evidence that time and resources were spent during four months of litigation). *But cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015) (considering "the amount of time and expense the parties have committed to the litigation" as a factor in evaluating substantial invocation).

Nationwide's attempt to enforce the forum-selection clause at the eleventh-hour, however, resulted in more than mere delay and more than an investment of time and resources. During the two-year period in which Nationwide initiated discovery, filed dispositive motions, and declined to invoke the forum-selection clause, the contractual limitations period on Besch's breach-of-contract claim expired, thus preventing Besch from asserting that claim in another forum.

Losing a cause of action to a limitations defense is undeniably prejudicial.[23] Although Besch's contract claim was time barred at the time of the dismissal hearing, the Court nonetheless concludes prejudice is lacking because Nationwide's counsel promised, on the record, not to invoke its contractual limitations defense if the case is dismissed and refiled in Ohio.[24] Cure, however, is an affirmative defense.[25] Consequently, Nationwide bore the burden of establishing (1) its proffered cure—a promise of forbearance—would be enforceable if Besch files suit in Ohio and (2) Besch would have an effective remedy if Nationwide goes back on its word.[26] Nationwide has not met this burden.

---

[23] *See Perry Homes*, 258 S.W.3d at 597 (observing that prejudice includes manipulation of litigation that damages a party's legal position).

[24] *Ante* at 8.

[25] *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) (observing that an affirmative defense is one that involves facts and arguments that will defeat a claim even if the allegations are true); *cf. Ramsey v. Gen. Motors Corp.*, 685 S.W.2d 15, 16 (Tex. 1985) (defense of cure under the Deceptive Trade Practices Act is an affirmative defense that the defendant must plead and prove).

[26] *Cf.* TEX. CIV. PRAC. & REM. CODE § 71.051 (allowing the trial court to set the terms and conditions for staying or dismissing a claim or action under the doctrine of *forum non conveniens* and providing as a remedy for noncompliance with such terms or conditions that the court "shall withdraw the order staying or dismissing the claim or action and proceed as if the order had never been issued").

The Court gives short shrift to the efficacy of Nationwide's purported cure, simply concluding prejudice "does not exist because of Nationwide's voluntary waiver of the contractual-limitations period."[27]  The Court does not explain how prejudice is cured on counsel's mere say so.  Perhaps an enforceable waiver of a contractual limitations clause could be accomplished in such a manner, but would the same hold true for a statute-of-limitations defense or a statute of repose?  By bypassing any substantive discussion of the matter, we are left with the disquieting precedent that there need not be proof of cure, only an offer of one.  While a defendant in Nationwide's position might bear a stiff burden in establishing prejudice has actually been cured, those are the consequences of slumbering on one's contractual rights.  Merely offering to forfeit a tactical advantage gained due to the passage of time does not, in and of itself, establish an effective cure to prejudice.  I therefore do not agree with the Court that Nationwide cured the prejudice arising from the expiration of limitations on Besch's contract claim.

While the mandamus petition was pending, the statutory limitations period on Besch's fraud claim also expired.  Unlike the contractual limitations period on the contract claim, however, Nationwide has not agreed to waive the statute of limitations for the fraud claim.  The Court expresses doubt that prejudice stemming from limitations on the fraud claim is relevant, because limitations had not yet run at the time of the dismissal hearing and was not an explicit basis for the trial court's order.[28]  Although limitations as to the fraud claim was not an express basis for the trial court's order, the trial court's finding of prejudice—that dismissal would result in "significant, if not

---

[27] *Ante* at 9.

[28] *Id.* at 11.

8

irreparable, harm" to Besch—was not limited to the expiration of limitations on the contract claim. Moreover, the looming limitations bar was before the trial court at the dismissal hearing. Only after "review[ing] . . . the arguments of [] Counsel," including Nationwide's discussion of the fraud claim's limitations period, did the Court conclude that Nationwide's motion should be denied. Accordingly, prejudice stemming from the expiration of the statutory limitations period is encompassed in the record and was considered by the trial court, making it relevant to the abuse-of-discretion analysis here.[29]

Even after assuming relevance, the Court concludes that Besch is not prejudiced by Nationwide's conduct because Nationwide has "a legal right" to pursue enforcement of its forum-selection clause via petition for writ of mandamus.[30] In so holding, the Court improperly changes the focus of the analysis to whether a party has a right to take action. Invariably, parties have the right to defend themselves and seek relief due to them, but that does not preclude a party from waiving a forum-selection clause through substantial invocation.[31]

Placing undue weight on Nationwide's right to pursue mandamus relief, the Court ignores the surrounding circumstances. Because prejudice is determined by looking to the circumstances as a whole, the Court's approach essentially jettisons the totality-of-the-circumstances evaluation

---

[29] *See Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961) (explaining the Court considers the record before the trial court in assessing the correctness of the trial court's order).

[30] *Ante* at 11.

[31] *See In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 374.

endorsed in *Perry Homes*.[32] The existence of prejudice must be determined by evaluating whether Nationwide's conduct, considered in its totality, was tactically advantageous to Nationwide and inherently unfair to Besch by inducing him to either act or forgo action of "a definite and substantial character."[33]

Applying the proper totality-of-the-circumstances test, Nationwide substantially invoked the judicial process to Besch's detriment or prejudice.[34] By unduly deferring efforts to enforce the forum-selection clause following the April 2013 discussion with Besch's counsel and subsequently initiating extensive discovery, Nationwide's counsel implied forbearance of the right to litigate in Ohio, and Besch's counsel justifiably relied on that forbearance. Nationwide's later change of course does not obviate the effects of its initial, tacit agreement to forego reliance on the forum-selection clause. Nor is it significant that Besch chose to hold Nationwide to this accord and elected not to refile in Ohio, because the waiver inquiry focuses on the actions of the movant, not its opponent.[35]

In sum, Nationwide's conduct induced Besch to rely on his Texas filings to his detriment, because the expiration of the limitations period eliminated Besch's ability to assert his fraud claim in Ohio. If the forum-selection clause is enforced, Besch loses his fraud claim, which is certainly advantageous to Nationwide and detrimental to Besch.

---

[32] *Compare ante* at 11 ("In short, Nationwide has not substantially invoked the judicial process to Besch's prejudice merely by pursuing mandamus relief in this Court."), *with Perry Homes*, 258 S.W.3d at 591 ("[W]aiver must be decided on a case-by-case basis, and [] courts should look to the totality of the circumstances.").

[33] *See Perry Homes*, 258 S.W.3d at 593 (quoting *Harkinson*, 944 S.W.2d at 636).

[34] *See In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 374.

[35] *See ante* at 9 (noting that "Besch had a reasonable opportunity to preserve [his fraud] claim").

10

Even ignoring the time and resources Besch invested in the Texas litigation, the loss of his claims establishes he was prejudiced by Nationwide's substantial invocation of the judicial process. I thus do not agree that the trial court abused its discretion by refusing to enforce the forum-selection clause. Rather, recognizing the malleable standard of both assessing waiver and reviewing it, I conclude the trial court properly exercised its discretion by acting in accordance with the principles we articulated in *Perry Homes*.

Because Nationwide substantially invoked the judicial process in such a way that prejudiced Besch, I would deny mandamus relief.

                                          _____

                                          Eva M. Guzman
                                          Justice

**Opinion delivered:** June 24, 2016