**CONDITIONALLY GRANT; and Opinion Filed August 4, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01443-CV

## IN RE BRUNO KÜBLER, IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR OF THIELERT AIRCRAFT ENGINES GMBH, Relator

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-09151**

## MEMORANDUM OPINION
Before Justices Myers, Evans, and Schenck
Opinion by Justice Schenck

In this original proceeding, relator complains of the trial court's denial of relator's motion to dismiss the intervenor's claims for lack of subject matter jurisdiction and, alternatively, the trial court's refusal to enforce a forum selection clause and refusal to dismiss based on forum non conveniens. After reviewing the petition, the real parties' responses, relator's reply, and the mandamus record, we conclude relator is entitled to relief from the trial court's refusal to enforce the forum selection clause. We conditionally grant the writ.

### Background

Relator Bruno Kübler is the German, insolvency administrator of Thielert Aircraft, a German company that manufactures and supplies replacement aircraft engine parts. Superior Air Parts, Inc., a former customer to whom Thielert Aircraft manufactured and supplied engine parts, sued Thielert Aircraft in Dallas. Superior's lawsuit is based on a dispute over the ownership and possession of drawings and technical sheets allegedly given to Thielert Aircraft by Superior and

models and drawings created by Thielert Aircraft that relate to or contain information regarding Superior ("the Property").

After Thielert Aircraft was placed in an insolvency proceeding in Germany, Kübler negotiated the sale of Thielert Aircraft's assets to another German company, Technify Motors, GmbH. The sale was memorialized in the Business Purchase and Transfer Agreement ("the transfer agreement") and was executed in January 2013. The transfer agreement provides for jurisdiction of any disputes related to the agreement as the corporate seat of Thielert Aircraft, which is Lichtenstein, Germany. Kübler and Technify disagree on whether Germany is the exclusive place of jurisdiction.

Before the sale to Technify closed, Superior demanded Kübler return the Property. Kübler and Technify addressed Superior's demand in a "Closing Protocol to the Business Purchase and Transfer Agreement" ("the closing protocol") that carved out the Property from the asset purchase. The closing protocol set forth the agreement between Kübler and Technify to exclude the Property from the assets transferred to Technify, noted that Kübler and Technify could not reach an agreement on the value of the Property, and provided remedies for Technify should the final decision of the Texas courts prohibit Kübler from transferring the Property to Technify. The closing protocol provides that Technify "shall have and retain any and all potential rights and claims, in particular claims for damages within the meaning of §§ 249 et seq. German Civil Code," that Technify might have against Kübler because the Property cannot be transferred to Technify. Kübler and Technify agreed to cap damages for such a claim at €3,500,000.00. The closing protocol also notes that Kübler would not transfer the Property to Technify "until it has been legally finally and unappealable [sic] decided or agreed on, if and to what extent [Kübler] shall be entitled to transfer" the Property to Technify.

Technify intervened in the underlying lawsuit between Kübler and Superior. Technify asserted a claim for declaratory judgment as to "the respective rights" of Superior, Kübler, and Technify in the Property and asserted a claim for "contract damages," alleging that Kübler and Technify had agreed that "in the event of a legal determination that Kübler must transfer the Property" to Superior, then Technify "will have a claim for damages against Kübler." Kübler filed a motion to dismiss and plea to the jurisdiction seeking dismissal of Technify's intervention and claims, which the trial court denied.

In this original proceeding, Kübler contends dismissal was required because (1) Technify's contract damages claim is not ripe because no judicial determination has been made as to Superior's right to the Property, (2) the transfer agreement's forum selection clause required Technify to file suit in Germany, and (3) Dallas is an inconvenient forum for a contract dispute between two German companies that is governed by German law.

**Forum Selection Clause**

Forum-selection clauses provide parties with an opportunity to contractually preselect the jurisdiction for dispute resolution. *Pinto Tech. Ventures, L.P. v. Sheldon*, No. 16-0007, 2017 WL 2200357, at *5 (Tex. May 19, 2017) (citing *In re AIU Ins. Co.,* 148 S.W.3d 109, 111 (Tex. 2004) (orig. proceeding)). Mandamus relief is available to enforce forum-selection agreements because there is no adequate remedy by appeal when a trial court abuses its discretion by refusing to enforce a valid forum-selection clause that covers the dispute. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam).

Forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs.,* 274 S.W.3d at 675. Failing to give effect to contractual forum-selection clauses and forcing a party to litigate in a forum other than the contractually chosen one amounts to " 'clear

harassment' ... injecting inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics...." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (quoting *In re AutoNation, Inc.*, 228 S.W.3d 663, 667-68 (Tex. 2007) (orig. proceeding)).  A party attempting to show that such a clause should not be enforced bears a heavy burden.  *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding) (per curiam) (citing *In re AIU Ins. Co.*, 148 S.W.3d at 113); *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) (original proceeding).  A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement meets its heavy burden of showing that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re ADM Inv. Servs., Inc.*, 304 S.W.3d at 375; *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15–17 (1972).  Technify did not meet that heavy burden here.

**Analysis**

The transfer agreement includes the following forum selection clause:

> This Agreement is subject to the laws of the Federal Republic of Germany.  To the extent legally permitted, exclusive place of jurisdiction is the seat of the Insolvency Debtor.

It was Technify's burden to establish one of the four exceptions to the general rule that forum selection clauses are mandatory and enforceable.  To meet that burden, Technify argued below that (1) the clause is invalid and unenforceable because Kübler is not a proper party to the clause under German law, (2) the clause does not apply to all claims asserted by Technify, (3) enforcement of the clause would be unreasonable or unjust, and (4) Germany would be a seriously inconvenient forum for trial.  Technify failed to meet its burden of proof.

Technify first argues that the clause is not mandatory and is unenforceable because it conditions the exclusive place of jurisdiction only "to the extent legally permitted" and German law does not permit an insolvency administrator like Kübler to be a party to a forum selection clause. Technify and Kübler each presented expert testimony on German law. The experts agreed that the German Federal Supreme Court had not yet decided whether an insolvency administrator is permitted to be a party to a forum selection clause under German law. But the experts disagreed regarding how the court would decide the issue if it was presented to the court. Whether the German courts would enforce the clause is irrelevant, however, because Texas law does not require Kübler to prove that German courts would recognize the validity of the clause or allow Kübler to enforce the clause. *See Deep Water Slender Wells, Ltd. v. Shell Intern. Expl. & Prod., Inc.*, 234 S.W.3d 679, 695 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 618 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that under federal analysis adopted by Texas Supreme Court, party invoking forum-selection clause need not show that forum selected recognizes the validity of forum-selection clauses). We are aware of recent federal case law proposing a more nuanced approach to this "lex fori" rule that would allow consideration of some aspects of the chosen foreign law as part of the analysis of the forum selection clause. *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 421, 430–31 (10th Cir. 2006). But even under that line of authority, foreign law would govern only the issue of construction of the clause's reach, not its fundamental enforceability. *E.g., Phillips v. Audio Active Ltd.*, 494 F.3d 378, 385 (2d Cir. 2007); *Lanier v. Syncreon Holdings, Ltd.*, No. 11-14780, 2012 WL 3475680, at *5, 6 (E.D. Mich. Aug. 14, 2012); *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC,* No. 07 Civ. 9580(HB), 2008 WL 4833001, *6–7 (S.D.N.Y. Nov. 6, 2008). Texas law deems forum-selection clauses prima facie valid and will be enforced unless the opponent makes a strong showing that the forum-selection clause

should be set aside. *In re AIU Ins. Co.*, 148 S.W.3d at 113–14; *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam).

Moreover, Technify's arguments misconstrue the clause's language. Courts have construed similar provisions to be mandatory provisions conferring exclusive jurisdiction in the specified forum. *See, e.g. Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016) (under German law, clause stating "[t]o the extent permitted by law, jurisdiction, venue, courts, and place of performance shall be at the corporate seat of [German corporation]" confers exclusive and mandatory jurisdiction in the specified forum); *May v. Ticketmaster Entm't, LLC*, No. 3:10-CV00760, 2010 WL 4024257, at *2, 3 (M.D. Tenn. Oct. 13, 2010) (forum selection clause stating that the parties "submit to the exclusive jurisdiction of the Delaware Chancery Court to the fullest extent permitted by Applicable Law and, to the extent not so permitted, in any court sitting in the State of Delaware" specifies Delaware state court as the exclusive forum); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 461 (S.D.N.Y. 2013), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015) (forum selection clause stating "the Court of Chancery of the State of Delaware shall, to the fullest extent permitted by law, be the sole and exclusive forum" is mandatory, not permissive).

The phrase "to the extent legally permitted" does not make the provision permissive and does not imply a requirement that the parties prove that they have authority to enter into the forum selection clause. Rather, the proper focus is on the statement of exclusivity and determination of whether the applicable law would permit exclusive jurisdiction in the chosen forum. For example, in *May*, the record did not establish that applicable law would not permit exclusive jurisdiction in the Delaware Court of Chancery or that the suit could not have been filed in that court. *May*, 2010 WL 4024257 at *2, 3. The court, therefore, held that the clause

mandated exclusive jurisdiction in the Delaware state courts. *Id.* at * 3, n. 15; *see also In re Facebook*, 922 F. Supp. 2d at 461 (focusing on use of the term "exclusive" rather than modifying phrase "to the fullest extent permitted by law"). The same analysis applies here. The plain language of the forum selection clause provides for exclusive jurisdiction in Thielert Aircraft's corporate seat, which is in Lichtenstein, Germany. The record does not establish that German law prohibits enforcement of forum selection clauses. The forum selection clause, thus, confers mandatory and exclusive jurisdiction in Lichtenstein, Germany.

Technify next argues that its declaratory judgment claim and Superior's declaratory judgment claims against Technify are outside the scope of the clause. This argument disregards that Superior brought claims against Technify only in response to Technify's intervention. Superior's declaratory judgment claims against Technify state that Superior seeks a declaration that Superior has a superior right to the Property over Technify. But Superior's request for that declaration arose only because Technify intervened and sought to have all questions regarding the Property resolved in Texas. If the intervention is dismissed, then Superior's claims would become moot. As for Technify's declaratory judgment claim, that claim seeks the same relief whether asserted against Kübler or Superior – a declaration that Technify has ownership rights in the Property by virtue of the transfer agreement. The transfer agreement included the forum selection clause, meaning claims between Kübler and Technify regarding the transfer agreement should be heard in Germany per that clause. Moreover, the dispute between Kübler and Technify should have no bearing on the suit between Superior and Kübler because Technify is not a party to the Superior/Kübler agreement, Technify has no rights under that agreement, and the claims raise separate and distinct liability and damages issues. To be sure, Technify's claims all arise from the transfer agreement and, therefore, are subject to its forum selection clause.

Next, Technify argues that enforcing the clause would be unreasonable or unjust because doing so would require Superior's claims against Kübler to be tried in a separate forum from Technify's claims against Kübler. Technify describes this as "an intertwined dispute" among three parties all claiming an interest in the Property. But that misconstrues the nature of these disputes. Superior and Kübler dispute who owns the Property, whereas Technify and Kübler dispute the damages incurred by Technify, if any, as a result of Kübler's failure to transfer the Property to Technify in accordance with the transfer agreement. Technify's only interest in the Property is derivative of Kübler's ownership of the Property. Technify has no independent right to seek relief from Superior and no contract with Superior. If the Texas court decides the Superior-Kübler dispute adversely to Kübler, Technify may then assert claims against Kübler in Germany pursuant to the transfer agreement and the closing protocol. Technify and Kübler specifically recognized this dichotomy of claims and proceedings in the closing protocol. "The mere existence of another party does not compel joint litigation, even if the claims arise out of the same nucleus of facts." *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 375; *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680 ("If all it takes to avoid a forum-selection clause is to join as defendants local residents who are not parties to the agreement, then forum-selection clauses will be of little value."). It is not unreasonable or unjust to require Technify to honor the bargain it made with knowledge of the Texas litigation regarding the Property. *See In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 375.[1]

Finally, Technify argues that Germany would be a seriously inconvenient forum for trial because of the Texas lawsuit. When inconvenience in litigating in the chosen forum is foreseeable at the time of contracting, the challenger must "show that trial in the contractual

---

[1] Identical arguments over efficiency and resulting piecemeal litigation have been made and rejected as a basis for resisting enforcement of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983).

forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *In re AIU*, 148 S.W.3d at 113 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. at 18); *see also Lyon*, 257 S.W.3d at 234 ("By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons."). Here, Thielert Aircraft and Technify are sophisticated businesses that negotiated and knowingly entered into the transfer agreement and included the forum selection clause. By doing so, they effectively represented that Germany is not a seriously inconvenient forum.

Further, the record establishes that Technify will not be deprived of its day in court by enforcing the forum selection clause. Technify has filed an action against Kübler in Germany relating to Technify's dispute with Kübler over the Property and Technify's rights to the Property under the transfer agreement. Technify bargained with Kübler for German courts applying German law to determine Technify's and Kübler's rights under the transfer agreement and rights related to the transfer of assets. By agreeing to the terms of the closing protocol, Technify acknowledged the Superior claims and agreed to have its own rights to the Property and damages, if any, decided separately from Superior's lawsuit against Kübler. The closing protocol does not remove or amend the forum selection clause. Under the plain terms of section 7(2) of the closing protocol, the forum selection clause, therefore, remained "unaffected and applicable." Technify has no contractual relationship with Superior. Technify's only interest in Superior's dispute with Kübler is how the resolution of that dispute impacts Technify's rights under the transfer agreement. Technify agreed to have those rights determined exclusively in Germany. Technify's circumstances here are not sufficient to meet the heavy burden it has to

avoid a forum-selection clause. *See In re ADM Inv'r Servs.*, 304 S.W.3d at 375; *see also AIU*, 148 S.W.3d at 113.

## Conclusion

Technify failed to meet its burden of proof to establish one of the four exceptions to avoid enforcement of the forum selection clause. The trial court, therefore, abused its discretion by refusing to enforce the forum selection clause and denying Kübler's motion to dismiss. Because we find for Kübler as to the enforceability of the forum selection clause, we need not address Kübler's remaining issues. We, therefore, conditionally grant relator's petition for writ of mandamus and direct the trial court to issue written orders within fifteen days of the date of this opinion vacating the December 2, 2016 order denying relator's motion to dismiss intervenor's claims and motion to strike intervenor's claims, granting relator's motion to dismiss Technify's claims, and dismissing Technify's claims.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161443F.P05

–10–