ACCEPTED
05-18-00915-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/21/2018 3:08 PM
LISA MATZ
CLERK

# No. 05-18-00915-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

12/21/2018 3:08:58 PM

LISA MATZ
Clerk

TACMED HOLDINGS, INC., AND LORETTA YOUNG
*Appellants*,

v.

REV RECREATION GROUP, INC. F/K/A ALLIED RECREATION GROUP
*Appellee.*

On Appeal in Cause No. 296-02909-2017
From the 296th Judicial District Court in and for Collin County, Texas
Honorable John R. Roach, Jr. of the 296th District Court, Presiding

## APPELLEE'S BRIEF

THE LOWMAN LAW FIRM
   Christopher J. Lowman
   State Bar No. 12636480
   Brenton M. Stanfield
   State Bar No. 24054593
One Allen Center
500 Dallas Street, Suite 3030
Houston, TX 77002
(713) 752-0777
(713) 752-0778 (Fax)
chris@lowmanlaw.com

*Counsel for Appellee*

**ORAL ARGUMENT REQUESTED**

1

## IDENTITY OF PARTIES AND COUNSEL

**PARTIES IN THE UNDERLYING SUIT:**

**Defendant/Appellee:**        Rev Recreation Group, Inc., f/k/a Allied Recreation Group

**Plaintiff/Appellant:**        TACMED Holdings, Inc., and Loretta Young

**TRIAL AND APPELLATE COUNSEL:**

**For Appellee:**

Christopher J. Lowman
State Bar No. 12636480
THE LOWMAN LAW FIRM
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas  77002
Telephone:  (713) 752-0777
Facsimile:   (713) 752-0778
chris@lowmanlaw.com

**For Appellant:**

Janice E. Cohen
Texas Bar No. 04508362
Two Turtle Creek
3838 Oak Lawn Avenue
Suite 750 – LB 20
Dallas, Texas 75219
Telephone: (214) 528-7977
Facsimile: (214) 528-7986
jan@janicecohenlaw.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................... 2

TABLE OF CONTENTS.......................................................................... 3

INDEX OF AUTHORITIES...................................................................... 4

STATEMENT OF THE CASE.................................................................... 6

ISSUES PRESENTED............................................................................ 7

STATEMENT OF FACTS ....................................................................... 7

SUMMARY OF THE ARGUMENT ............................................................ 8

ARGUMENT ...................................................................................... 9

ISSUE 1:   THE TRIAL COURT DID NOT ERR BY ENFORCING THE FORUM SELECTION CLAUSE BECAUSE ALL OF APPELLANTS' CLAIMS ARISE UNDER THE CONTRACT CONTAINING THE FORUM SELECTION CLAUSE. ...................................................................... 9

ISSUE 2:   THE TRIAL COURT DID NOT ERR BY ENFORCING THE FORUM SELECTION CLAUSE TO REV'S BENEFIT BECAUSE REV'S ONLY LIABILITY ARISES FROM THE CONTRACT CONTAINING THE FORUM SELECTION CLAUSE AND REV, AS A NON-SIGNATORY, IS ENTITLED TO ENFORCE THE CONTRACT.......................................................... 13

ISSUE 3:   THE TRIAL COURT DID NOT ERR BY FINDING THE FORUM SELECTION CLAUSE BINDING ON APPELLANTS DESPITE CLAIMS OF DURESS OR FRAUD. .................................................. 18

PRAYER ........................................................................................ 25

CERTIFICATE OF SERVICE ................................................................ 26

CERTIFICATE OF COMPLIANCE........................................................... 26

# INDEX OF AUTHORITIES

*Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod.*,
234 S.W.3d 679 (Tex.App.—Houston [14th Dist.] 2007, pet. denied) ............10, 11

*In re ADM Investor Servs.*, 304 S.W.3d 371 (Tex.2010) ...............19, 20, 21, 22, 23

*In re AIU Ins.*, 148 S.W.3d 109 (Tex.2004) ....................................................19, 23

*In re AutoNation, Inc.*, 228 S.W.3d 663 (Tex.2007) ......................................19, 20

*In re Boehme*, 256 S.W.3d 878
(Tex.App.—Fort Worth 2008, orig. proceeding) ....................................................23

*In re FirstMerit Bank*, 52 S.W.3d 749 (Tex. 2001) ...................................................16

*In re International Profit Assocs.*,
274 S.W.3d 672 (Tex.2009) .............................................. 10, 12, 18, 19, 20, 21, 22

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005) ...........................16

*In re Laibe Corp.*, 307 S.W.3d 314 (Tex.2010*)* .............................10, 18, 19, 20, 21

*In re Lisa Laser USA, Inc.*, 310 S.W.3d 880 (Tex.2010) ........................................12

In re *Lyon Fin. Servs.*, 257 S.W.3d 228 (Tex.2008) .......................10, 19, 20, 21, 22

*In re Nationwide Ins.*, 494 S.W.3d 708 (Tex.2016) .........................................18, 23

*In re Rubiola*, 334 S.W.3d 220 (Tex. 2011) .........................................................14

*In re Vesta Ins. Group., Inc.*, 192 S.W.3d 759 (Tex. 2006) ....................................16

*Mabon Ltd. v. Afri-Carib Enters.,* 29 S.W.3d 291
(Tex.App.—Houston [14th Dist.] 2000, no pet.) ..............................................10, 11

*Phoenix Network Techs Ltd. v. Neon Sys.*,
177 S.W.3d 605 (Tex.App.—Houston [1st Dist.] 2005, no pet.).................9, 10, 11

*Pinto Tech. Ventures, L.P. v. Sheldon*,
526 S.W.3d 428 (Tex. 2017) ....................................................................14, 15, 17

*Ramsay v. Texas Trading Co*., 254 S.W.3d 620
(Tex.App.—Texarkana 2008, pet. denied) ...........................................................11

*RSR Corp. v. Siegmund*, 309 S.W.3d 686
(Tex.App.—Dallas 2010, no pet.).....................................................................9, 10, 12

*Southwest Intelecom, Inc. v. Hotel Networks Corp*.,
997 S.W.2d 322,(Tex.App.—Austin 1999, pet. denied) .......................................11

*Stokes Interest, G.P. v. Santo-Pietro*, 343 S.W.3d 441
(Tex.App.—El Paso 2010, no pet.) ........................................................................12

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

TACMED HOLDINGS, INC., AND LORETTA YOUNG
*Appellants*,

v.

REV RECREATION GROUP, INC. F/K/A ALLIED RECREATION GROUP
*Appellee.*

## APPELLEE'S BRIEF

TO THE HONORABLE JUSTICES:

Appellee REV Recreation Group, Inc. f/k/a Allied Recreation Group, Inc. ("REV") files this APPELLEE'S BRIEF and will respectfully show as follows.

## STATEMENT OF THE CASE

This is a civil suit relating to Appellants' purchase of two motor coaches from LDRV Holdings Corp. d/b/a Lazy Days RV Center, Inc., ("LDRV") purchased by Appellants in Arizona. Appellants' recitation of the Statement of the Case accurately reflects the procedural history of this case. The trial court correctly held that a valid and enforceable forum selection clause exists which requires any lawsuits relating to the motor coaches be filed exclusively in Pima

County, Arizona.  Accordingly, the trial court dismissed this Texas lawsuit without prejudice.

## ISSUES PRESENTED

ISSUE 1: THE TRIAL COURT DID NOT ERR BY ENFORCING THE FORUM SELECTION CLAUSE BECAUSE ALL OF APPELLANTS' CLAIMS ARISE UNDER THE CONTRACT CONTAINING THE FORUM SELECTION CLAUSE.

ISSUE 2: THE TRIAL COURT DID NOT ERR BY ENFORCING THE FORUM SELECTION CLAUSE TO REV'S BENEFIT BECAUSE REV'S ONLY LIABILITY ARISES FROM THE CONTRACT CONTAINING THE FORUM SELECTION CLAUSE AND REV, AS A NON-SIGNATORY, IS ENTITLED TO ENFORCE THE CONTRACT.

ISSUE 3: THE TRIAL COURT DID NOT ERR BY FINDING THE FORUM SELECTION CLAUSE BINDING ON APPELLANTS DESPITE CLAIMS OF DURESS OR FRAUD.

## STATEMENT OF FACTS

On or about August 11, 2015, LDRV sold a 2016 Monaco Diplomat motor home ("Monaco") to Appellants in Tuscon, Arizona for $309,000.00.  Appellants made a down payment and travelled to Indiana to pick up the Monaco from REV's manufacturing plant in Decatur, Indiana.  The remaining balance of the sales price of the Monaco after a trade-in allowance, taxes, fees and a down payment were applied was $247,200.00.  Arizona Revised Statute section 44.286 requires all retail installment contracts to be in writing. [1]   Upon arrival in Indiana, and before

---

[1] Arizona Revised Statute 44-281(12) defines "retail installment contract" as follows:
(a) Means an agreement, entered into in this state, pursuant to which the title to or a lien upon the motor vehicle, which is the subject matter of a retail installment transaction, is retained or taken by a retail seller from a retail buyer as security for the buyer's obligation.
(b) Includes:

completing the transaction, REV presented Appellants with LDRV's standard retail installment contract that contains the forum selection clause at issue in this case.

The binding retail installment contract ("Contract") provides the following forum selection clause in paragraph 15:

> "… ALL LEGAL ACTIONS BROUGHT BY PURCHASER OR SELLER RELATING TO THE VEHICLE PURCHASED OR ITS SALE, SERVICE OR USE MUST BE FILED EXCLUSIVELY IN PIMA COUNTY, ARIZONA."

On June 16, 2017, Appellants filed this lawsuit in Collin County, Texas against LDRV and REV alleging violations of the Texas Deceptive Trade Practices Act, unconscionable acts, breach of warranty, and breach of contract. All of Appellants' claims in this lawsuit relate to the "*vehicle purchased or its sale, service or use*" and are subject to the Contract's forum selection clause.

## SUMMARY OF THE ARGUMENT

REV is not a signatory to the contract. Nevertheless, REV is entitled to enforce the forum selection clause contained in the Contract against Appellants because the parties to the Contract clearly intended that "***all legal actions*** brought

---

(i) A conditional sales contract and a contract for the bailment or leasing of a motor vehicle by which the bailee or lessee contracts to pay as compensation for its use a sum substantially equivalent to or in excess of its value and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of the motor vehicle for no other or a nominal consideration upon full compliance with the provisions of the contract.
(ii) A secondary motor vehicle finance transaction.

*by Purchaser or Seller relating to the [Monaco] or its sale, service or use must be filed **exclusively** in Pima County, Arizona*" (emphasis added).

Further, Appellants' claims against REV seek a direct benefit under the Contract – enforcement of the warranties conferred in the sale. Because Appellants seek to enforce a direct benefit under the Contract against REV, all such claims against REV are covered by the Contract's forum selection clause and REV is entitled to enforce that clause. In addition, REV qualified as a "transaction participant" to the Contract between Appellants and LDRV for the following reasons: (a) REV is the manufacturer of the Monaco; (b) Appellants traveled to REV's manufacturing facility in Indiana to take possession of the Monaco; (c) Appellants sued both REV and LDRV; and (d) all of Appellants claims against REV arise under the Contract.

Finally, no exceptions apply to the enforcement of the forum selection clause. The ruling of the trial court should be affirmed.

**ARGUMENT**

ISSUE 1: The trial court did not err by enforcing the forum selection clause because all of Appellants' claims arise under the contract containing the forum selection clause.

The Contract includes a clear forum-selection clause that requires mandatory jurisdiction and venue in Pima County, Arizona. Forum-selection clauses are contractual provisions in which parties select in advance a particular jurisdiction

9

for resolving their disputes. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex.App.—Dallas 2010, no pet.); *Phoenix Network Techs. (Eur.) Ltd. v. Neon Sys.*, 177 S.W.3d 605, 611 (Tex.App.—Houston [1st Dist.] 2005, no pet.). Contractual forum-selection clauses are presumed to be valid and enforceable in Texas. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010*); In re International Profit Assocs.*, 274 S.W.3d 672, 675 (Tex.2009); In re *Lyon Fin. Servs.*, 257 S.W.3d 228, 232 (Tex.2008). A motion to dismiss is the appropriate mechanism for enforcing a forum-selection clause. *RSR Corp.*, 309 S.W.3d at 709; *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod.*, 234 S.W.3d 679, 687 (Tex.App.—Houston [14th Dist.] 2007, pet. denied).

Here, the forum selection clause requires that "*all legal actions… relating to the vehicle purchased or its sale, service or use **must be filed exclusively** in Pima County, Arizona*". This unambiguous language creates a mandatory forum selection clause that must be enforced.

A forum-selection clause must be mandatory, not permissive, to be enforceable. See *Phoenix Network Techs. (Eur.) Ltd. v. Neon Sys.*, 177 S.W.3d 605, 615 (Tex.App.—Houston [1st Dist.] 2005, no pet.); *Mabon Ltd. v. Afri-Carib Enters.,* 29 S.W.3d 291, 297 (Tex.App.—Houston [14th Dist.] 2000, no pet.). If the terms of a forum-selection clause are ambiguous, the court will apply principles of contract law to determine the parties' intent. See *RSR Corp. v.*

*Siegmund*, 309 S.W.3d 686, 700 (Tex.App.—Dallas 2010, no pet.); *Phoenix Network*, 177 S.W.3d at 615.

Mandatory clauses state that a suit must be brought only in the designated forum; that is, there must be some language explicitly excluding other forums. *Mabon Ltd.*, 29 S.W.3d at 297; see, e.g., *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod.*, 234 S.W.3d 679, 687 (Tex.App.—Houston [14th Dist.] 2007, pet. denied) (forum-selection clause that stated designated forum had "exclusive jurisdiction" to resolve suits was mandatory); *Phoenix Network*, 177 S.W.3d at 615 (forum-selection clause that provided for United Kingdom as "the venue" for suit was mandatory; use of definite article "the" indicated exclusivity).

A permissive clause states that a suit may be brought in a designated forum; that is, the clause does not require that the suit be brought in that forum. *Ramsay v. Texas Trading Co.*, 254 S.W.3d 620, 629 (Tex.App.—Texarkana 2008, pet. denied); *Mabon Ltd.*, 29 S.W.3d at 297. Although the term "shall" in a forum-selection clause is generally mandatory, without other exclusive language, the clause may be deemed permissive. See *Phoenix Network*, 177 S.W.3d at 615; see, e.g., *Mabon Ltd.*, 29 S.W.3d at 297 (forum-selection clause was permissive even though it stated Nigeria "shall have venue"; term "shall" did not provide for exclusive jurisdiction but instead meant only that Nigeria was an acceptable

11

forum); *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 325-26 (Tex.App.—Austin 1999, pet. denied) (forum-selection clause was permissive even though it stated that agreement "shall be governed" by laws of Minnesota and parties stipulated to jurisdiction and venue there; clause did not mandate exclusive jurisdiction in Minnesota but instead required parties to submit to jurisdiction in Minnesota only if suit was brought there).

Here, the Contract's forum selection clause is not permissive. The Contract clearly and simply states, "all legal actions… ***must be filed exclusively*** in Pima County, Arizona". This language specifically excludes legal action in every jurisdiction other than Pima County, Arizona. By the terms of the Contract, this action must be filed in Pima County, Arizona, not Collin County, Texas.

Appellants' claims must fall within the scope of the forum selection clause for it to be enforceable against Appellants. See *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 884-85 (Tex.2010); *Stokes Interest, G.P. v. Santo-Pietro*, 343 S.W.3d 441, 445 (Tex.App.—El Paso 2010, no pet.); see also *In re International Profit Assocs.*, 274 S.W.3d 672, 677 (Tex.2009) (court should use "common sense" approach in determining whether forum-selection clause covers P's claims). That is, the claims must arise from the contractual relationship between the parties, rather than from any general obligations imposed by

law. See *In re International Profit*, 274 S.W.3d at 678; *RSR Corp., 309* S.W.3d at 704.

The scope of the Contract's forum selection clause is broad; it covers all legal actions that relate to "*the vehicle purchased or its sale, service or use*". Appellants' claims clearly fall within this broad language and a common sense reading of the forum selection clause in the Contract and Plaintiffs' Third Amended Petition make it clear that Appellants' claims fall within the scope. Each and every factual allegation centers on Appellants' complaints about the Monaco, LDRV and REV's representations during the sale of the Monaco, LDRV and REV's attempts to service and repair the Monaco, and damages arising from Appellants' attempted use of the Monaco. Appellants' Third Amended Petition states explicitly "*Young will show that REV Group… breached its contract to provide goods that are merchantable and fit for the purpose for which they are intended.*" The only contract between the parties is the Contract, which contains the forum selection clause.

ISSUE 2:  THE TRIAL COURT DID NOT ERR BY ENFORCING THE FORUM SELECTION CLAUSE TO REV'S BENEFIT BECAUSE REV'S ONLY LIABILITY ARISES FROM THE CONTRACT CONTAINING THE FORUM SELECTION CLAUSE AND REV, AS A NON-SIGNATORY, IS ENTITLED TO ENFORCE THE CONTRACT.

A.    The Parties' Chosen Language is Key.

REV is not a signatory to the Contract. Nevertheless, REV is entitled to enforce the forum selection clause contained in the Contract against Appellants

13

because the parties declared that "***all legal actions*** *brought by Purchaser or Seller relating to the [Monaco] or its sale, service or use must be filed **exclusively** in Pima County, Arizona*" (emphasis added), and Appellants' legal action against REV relates to the Monaco.

Further, Appellants' claims against REV seek a direct benefit under the Contract. Because Appellants' seek to enforce a direct benefit under the Contract against REV – the manufacturer's warranties conferred to Appellants under the Contract – they are bound by the Contract's forum selection clause.

Whether a forum selection clause applies depends on the intent of the parties, as expressed in the Contract, and the factual allegations undergirding the party's claims rather than the legal causes of action asserted. *In re Rubiola*, 334 S.W.3d 220, 224-225 (Tex. 2011); See also *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437-441 (Tex. 2017) (forum selection clause in shareholder's agreement was enforceable against shareholders' non-contract tort claims because tort claims would not have existed but for the existence of the shareholder's agreement).

It is clear that the intent expressed in the Contract is that "*all legal actions*" relating to the Monaco, whether brought by Appellants or LDRV, must be brought in Pima County, Arizona. Appellants factual allegations against REV relate to the

"*Monaco, or its sale, service or use*" and so the forum selection clause applies and REV, whether a signatory or not, is entitled to enforce it.

LDRV's reasoning for including such a far-reaching provision is obvious, where, as here, "artful pleading" can destroy the preferred forum by adding non-signatories while maintaining a "legal action" that centers on Appellants' complaints about the Monaco. See *Pinto Tech.,* 526 S.W.3d at 437; *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding) (quoting *Ginter ex. rel. Ballard v. Belcher, Pindergast & Laporte*, 536 F.3d 439, 444 (5th Cir. 2008) (preventing avoidance of forum selection clause with "artful pleading" the reason for looking at the intent of the parties and the factual allegations rather than the legal causes of action asserted).

The intent of the contracting parties clearly require Appellants' to bring legal action against LDRV in Pima County, Arizona, to the extent that legal action relates to the Monaco. However, Appellant contends that because it non-suited LDRV at the trial court, REV can no longer enforce the Contract's forum selection clause. Despite Appellants' nonsuit of LDRV, this case substantially revolves around LDRV's alleged acts or omissions. Appellants' Third Amended Petition speaks extensively of LDRV's alleged misconduct. As a dealer, LDRV interacted directly with Appellants. Appellants cite LDRV's alleged misrepresentations to induce Appellants to purchase the Monaco as grounds for voiding the Contract.

15

LDRV will undoubtedly supply most of the witnesses in this case. Appellants' 11th hour non-suit of LDRV to avoid application of the forum selection clause will not prevent LDRV from being dragged into this litigation regarding the "*sale, service or use*" of the Monaco in Texas either as a party or by proxy – called as witnesses by both parties to testify about the virtually all of the facts of this case.

**B.    Direct Estoppel supports enforcement of the forum selection clause.**

Texas courts utilize a "direct estoppel" theory when analyzing whether a non-signatories to an agreement containing forum selection clauses are entitled to enforce those clauses.  See *In re FirstMerit Bank*, 52 S.W.3d 749, 755 (Tex. 2001); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005) (*analysis applied to arbitration provisions, which are a type of forum selection clause*).  A litigant who sues based on a contract subjects itself to the terms of that contract.  *In re FirstMerit Bank,* 52 S.W.3d at 755.

Nonparty defendants to a contract can be subjected to the terms of a contract, and can enforce the contract, if their liability primarily stems from the contract that contains a forum selection clause, but not if the liability arises from general legal obligations.  *In re Vesta Ins. Group., Inc.*, 192 S.W.3d 759, 761 (Tex. 2006).  REV's only legal obligations to Appellants are the warranties conferred to Appellants under the Contract when Appellants purchased the Monaco.  REV's liability does not arise from general legal obligations.

Appellants' claims against REV are alleged violations of the Texas Deceptive Trade Practices Act, unconscionable acts, breach of warranty, and breach of contract. Nevertheless, regardless of the legal claims plead, Appellants' claims against REV are fundamentally founded on the Contract between Appellants and LDRV and the warranties conferred by REV to Appellants under the Contract. Appellants would have no claim against REV without Appellants' entering into the Contract with LDRV for the purchase of the Monaco in Tucson, Arizona. Appellants should be estopped from sidestepping the forum selection clause while seeking to enforce their rights under the Contract that contains it.

## C.    REV Qualifies as a "Transaction Participant"

Texas courts also recognize that transaction participants can enforce a forum selection clause even when they themselves are not parties to the contract. *Pinto Tech.,* 526 S.W.3d at 444-445. Transaction participants are parties closely related to the contractual relationship such that the non-signatory's enforcement of the forum selection clause would be foreseeable. *Id*. In order to enforce the forum selection clause, the transaction participant must establish that its enforcement of comports with the expectations of the parties who contracted. *Id*.

Here, there can be no doubt that REV is a transaction participant. REV is the manufacturer of the Monaco. Appellant contracted with LDRV to purchase the Monaco, but traveled to REV's manufacturing facility in Indiana to take

possession and consummate the transaction. REV was sued along with LDRV, and most of the allegations in Appellants' pleadings relate to LDRV's alleged acts and omissions. All of Appellants' rights to sue under the warranty were conferred in the Contract. As a result, it is foreseeable that REV would seek to enforce the forum selection clause contained in the Contract against Appellants and this comports with Appellants' legitimate expectations. Accordingly, the trial court did not err in enforcing the forum selection clause.

ISSUE 3: THE TRIAL COURT DID NOT ERR BY FINDING THE FORUM SELECTION CLAUSE BINDING ON APPELLANTS DESPITE CLAIMS OF DURESS OR FRAUD.

If Appellants' claims fall within the scope of the forum-selection clause, the court must enforce the clause unless Appellants can show an exception to enforcement or that REV waived the forum selection clause by substantially invoking judicial process. Appellants have a heavy burden of proof in opposing the forum selection clause. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re International Profit*, 274 S.W.3d at 675. Appellants must clearly show that (1) enforcement of the clause would be unreasonable and unjust, (2) the clause is invalid because of fraud or overreaching, (3) enforcement would contravene a strong Texas public policy, or (4) the selected forum is seriously inconvenient for trial. *In re Nationwide Ins.*, 494 S.W.3d 708, 712 (Tex.2016); *In re ADM Investor*

18

*Servs.*, 304 S.W.3d 371, 375 (Tex.2010); *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 231-32 (Tex.2008). None of these exceptions apply here.

**(1) Unjust or Unreasonable**

Appellants must show that enforcement of the clause would be unreasonable and unjust. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor*, 304 S.W.3d at 375; *In re International Profit*, 274 S.W.3d at 675; *In re AutoNation, Inc.*, 228 S.W.3d 663, 668 (Tex.2007); *In re AIU Ins.*, 148 S.W.3d 109, 112 (Tex.2004). Enforcement is unreasonable and unjust only in extreme or exceptional circumstances. See *In re ADM Investor*, 304 S.W.3d at 376. There is nothing in Appellants' pleadings or in the evidence presented that in any way indicates that extreme or exceptional circumstances exist in this case.

Appellants chose LDRV's dealership in Tucson, Arizona, to purchase the Monaco and then traveled to Indiana to take delivery. Signing a written retail installment contract was legally required to consummate the purchase. Appellants signed and agreed to a forum selection clause fixing the forum in Tucson, Arizona. There is nothing extreme or exceptional about the circumstances of this transaction so as to make enforcement of the forum selection clause unjust or unreasonable. Appellants chose to purchase a motor home at a dealership in Pima County, Arizona. It is neither unreasonable nor unjust to litigate any subsequent disputes in that same county.

19

**(2) Fraud or Overreach**

In the alternative, Appellants must show that the forum selection clause is invalid because it is the result of fraud or overreaching. *In re Laibe Corp.*, 307 S.W.3dat 316; *In re ADM Investor*, 304 S.W.3d at 375; *In re Lyon Fin.*, 257 S.W.3d at 231-32; *In re AutoNation, Inc.*, 228 S.W.3d at 668. Fraud, in a forum-selection clause context, is shown by proving the usual elements of fraud. See *In re International Profit*, 274 S.W.3d at 678. The claim of fraud must relate to the forum-selection clause itself, not to the contract as a whole. *See In re Lyon Fin.*, 257 S.W.3d at 232.

Appellants have argued that the contract itself was an "extra hurdle" that Appellants had to comply with before finalizing the purchase of the Monaco. On the contrary, Arizona law requires a written retail installment contract be signed. LDRV forwarded their standard retail installment contract to REV in Indiana so that REV could present it to Appellant for the purpose of consummating the purchase of the Monaco as required by law. Far from being a "hurdle", the Contract was a legal requirement for the transaction and conferred to Appellants the very warranty rights under which they now sue.

Arizona Revised Statute section 44-286(A)(2) requires all retail installment contracts contain the following notice to buyers: "*Notice to the buyer: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are*

*entitled to an exact copy of the contract you sign.*" The Contract contains this notice and it is conspicuously placed above the signature line of the agreement in bold and all capital letters. In addition, the Contract contains an additional disclosure immediately above the signature line that reads:

> By signing below, buyer acknowledges having read the terms and conditions of this agreement (front and back), agrees to them, and acknowledges receiving a fully completed copy of this agreement.

Appellants signed the Contract subject to these clear and conspicuous notices and should be barred from claiming the forum selection clause contained in the Contract was procured by fraud.

The courts analyze claims of overreaching by determining whether a forum-selection clause results in unfair surprise or oppression to the party opposing it. *In re International Profit*, 274 S.W.3d at 678; see *In re Lyon Fin.*, 257 S.W.3d at 232-33. Appellants purchased the Monaco from a dealer located in Pima County, Tucson, Arizona. Appellants cannot reasonably claim surprise or oppression when the Contract stipulates that legal actions related to the Monaco must be brought in Pima County, Arizona.

**(3) Against Public Policy.**

In the alternative, Appellants must show that enforcement of the clause would contravene a strong Texas public policy. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor*, 304 S.W.3d at 375; *In re International Profit*,

274 S.W.3d at 675; *In re Lyon Fin.*, 257 S.W.3d at 231-32. There are no public policy grounds for refusing to enforce the forum selection clause contained in the Contract. REV does not have substantial connections to Texas. REV is located in Decatur, Indiana. LDRV has no dealerships in Texas, owns no property in Texas, has no employees in Texas, is not a licensed motor vehicle dealer by the Texas DMV, did not sell the Monaco to Appellants in Texas, and did not service or repair the Monaco in Texas. Accordingly, there are no public policy reasons that support this Texas lawsuit over the contractually agreed situs of Pima, Arizona.

**(4) Serious Inconvenience**

In the alternative, Appellants must show that the selected forum would be seriously inconvenient such that enforcement of the clause would deprive Appellants of their day in court. *In re Laibe Corp.*, 307 S.W.3d at 316-17; *In re ADM Investor*, 304 S.W.3d at 375; e.g., *In re Lyon Fin.*, 257 S.W.3d at 233-34 (Pennsylvania was not such an inconvenient forum that enforcing forum selection clause would produce an "unjust result"). Appellants must show that special and unusual circumstances have developed that would make litigation in the selected forum extremely difficult and inconvenient. E.g., *In re International Profit*, 274 S.W.3d at 680 (witnesses' residences in location other than where suit was brought was not special or unusual circumstance).

There are no special or unusual circumstances that make litigation in Pima County, Arizona inconvenient for Appellants. On the contrary, litigation in Collin County, Texas, a jurisdiction in which neither defendants nor Appellants have any substantial connection, would be seriously inconvenient for all parties. Almost all of the witnesses with knowledge of the facts of this case are located in Pima County, Arizona, or Indiana. Under these facts, it would be inconvenient for the court not to honor the forum selection clause contained in the Contract.

**(5) Waiver**

Finally, the only remaining alternative is for Appellants to show that REV waived their right to rely on the clause by substantially invoking judicial process causing prejudice to Plaintiff. *See In re Nationwide Ins.*, 494 S.W.3d at 712; *In re AIU Ins.*, 148 S.W.3d at 121; *In re Boehme*, 256 S.W.3d 878, 884 (Tex.App.—Fort Worth 2008, orig. proceeding). By filing an answer and motion to dismiss, REV has not waived its right to rely on the forum selection clause contained in the Contract. *In re ADM Investor*, 304 S.W.3d at 374 (filing answer and motion to transfer venue at same time as motion to dismiss based on forum-selection clause did not substantially invoke judicial).

The Contract contains a valid and enforceable mandatory forum selection clause that requires all legal actions related to the Monaco or its sale, service or use to be brought in Pima County, Arizona. Appellants' claims fall within the scope of

23

the forum selection clause. No exception or waiver applies because the forum selection clause is not unreasonable or unjust, was not procured by fraud and is not an overreach, is not against public policy, is not a serious inconvenience for Appellants, and REV has not waived its right to enforce the clause. Therefore, the trial court did not err in enforcing the forum selection clause.

## CONCLUSION

Appellants and LDRV declared that "*all legal actions*" related to the Monaco must be brought in Pima County, Arizona. Appellants are seeking a direct benefit under the Contract by suing to enforce the REV warranties conferred to them under the Contract. Accordingly, REV is entitled to enforce the terms of the Contract against Appellants and require Appellants to bring this legal action in Pima County, Arizona. The trial court's judgment that the case be dismissed for improper forum should be upheld.

## PRAYER

For the reasons set forth above, REV prays that this Honorable Court affirm the trial court's Order of Dismissal.

Respectfully submitted,

**THE LOWMAN LAW FIRM**

By: /s/ Christopher J. Lowman
Christopher J. Lowman
State Bar Number 12636480
Brenton M. Stanfield
State Bar Number 24054593
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas 77002-4705
Telephone: (713) 752-0777
Telecopier: (713) 752-0778
E-mail: chris@lowmanlaw.com

**Attorneys for Appellee REV Recreation Group, Inc. f/k/a Allied Recreation Group, Inc.**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served via e-service on the following counsel of record on December 21, 2018.

Janice E. Cohen
Texas Bar No. 04508362
Two Turtle Creek
3838 Oak Lawn Avenue
Suite 750 – LB 20
Dallas, Texas 75219
Telephone: (214) 528-7977
Facsimile: (214) 528-7986
jan@janicecohenlaw.com

/s/ Christopher J. Lowman
Christopher J. Lowman


## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Rule 9.4 because it contains 4500 words, excluding the portions of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Christopher J. Lowman
Christopher J. Lowman